PIRTLE *v.* SOUTHERN LUMBER COMPANY.

Opinion delivered March 6, 1911.

APPEAL AND ERROR—INCOMPLETENESS OF TRANSCRIPT—PRESUMPTION.—
Where the transcript on appeal in a chancery case shows that a depo-
sition which was considered by the chancellor has not been brought
up, the presumption will be indulged that the missing evidence sus-
tains the chancellor's finding, though the chancellor certifies that the
missing deposition is in all essential respects the same as a deposition
which appears in the transcript.

Appeal from Bradley Chancery Court; *Zachariah T. Wood,*
Chancellor; affirmed.

*E. L. McHaney, W. S. Goodwin* and *Williamson & William-
son,* for appellant.

Laches cannot be imputed to one merely for delay, unless
such delay works an injury. 81 Ark. 439. Nor when his failure
to act is due solely to ignorance. 82 Ark. 371; 145 U. S. 368.
There was no occasion for action because there had been no inter-
ference with possession. 70 Ark. 256; 75 Ark. 197; 81 Ark.
296; 88 Ark. 395. Defendants had no title, and were not in
possession. 123 S. W. 650; 75 Ark. 382.

*Fred L. Purcell,* for appellee.

In 126 S. W. 714 and 123 S. W. 650, cited by appellant,
there were no supervening equities. Since all the evidence is not
included in the bill of exceptions, the court will presume that it
was sufficient to sustain the findings of the chancellor. 2 Ark.
14; *Id.* 45; 54 Ark. 159; 45 Ark. 240; 43 Ark. 451; 26 Ark. 526.

*M. L. Gardner, pro se,* and *F. W. Scott, pro se.*

Where it appears that the transcript does not contain all
the evidence, it will be presumed that it was sufficient to sustain
the chancellor's findings. 80 Ark. 74; 83 Ark. 77; *Id.* 424; 84
Ark. 100; *Id.* 229; 86 Ark. 378; 87 Ark. 232; 88 Ark. 604; 89
Ark. 64; 90 Ark. 214; 45 Ark. 242.

*Gaughan & Sifford,* for F. W. Scott.

Where the bill of exceptions purports to set forth only the
substance of the evidence, it will not be considered. 57 Ark. 459;
38 Ark. 284.

HART, J.  This action involves the title to 280 acres of wild and unimproved land situated in Bradley County, Arkansas.  The lands were purchased from the State as swamp and overflowed lands in 1860 by Adelia Cone.  She died intestate in 1905, leaving surviving her Marcus J. Cone, her son and sole heir at law. On April 23, 1907, he conveyed the lands to Henry C. Pirtle for the sum of $150.  On June 22, 1907, Henry C. Pirtle filed a complaint in the chancery court against W. R. Watson and the Southern Lumber Company, in which the above facts were alleged, and in addition thereto that the State of Arkansas, on September 24, 1901, sold and conveyed 120 acres of these lands to W. R. Watson as lands forfeited to the State for nonpayment of taxes; and that on June 17, 1903, Watson sold and conveyed the same to the Southern Lumber Company.  He alleges that the tax forfeiture was void, and prays that the deed to the defendant Watson be declared void, and that his title to said lands be quieted.

The State conveyed the remaining 160 acres to M. L. Gardner on the 17th day of June, 1903, and he subsequently conveyed the timber on it to F. W. Scott.  On June 22, 1907, Henry C. Pirtle filed a suit in the chancery court against them, making substantially the same allegations as in the complaint against the Southern Lumber Company, and had the same prayer to his complaint.

The defendants to these respective actions filed answers in which they set up that the said Adelia Cone and her heirs have never paid any taxes on these lands, and by their conduct and acts had led defendants and their grantors to believe that they had long since given up and abandoned any claim to said lands; and, relying thereon, they purchased said lands; that in the last few years said lands have become valuable for the timber on them.

Subsequently, Marcus J. Cone filed an intervention, claiming title to said lands and alleging that the conveyance from himself to Henry C. Pirtle had been obtained by the false and fraudulent representations of the latter.  By agreement the cases were consolidated and heard together.  It was admitted that no taxes were paid by any one on the lands from the time of their original purchase by Adelia Cone in 1860 until 1901 and 1903, the date of their purchase from the State, respectively, by Watson and Gardner.  Since that time the taxes have been paid by the de-

fendants and their grantors. It is also conceded that the forfeiture to the State for the nonpayment of taxes was void. The various deeds of the respective parties were read in evidence. The plaintiffs read two depositions of Marcus J. Cone. The defense read depositions tending to show the increased value of the land since their purchase.

The chancellor held that Adelia Cone, her heirs and assigns, were barred by laches from now claiming any interest in said lands, and a decree was entered according to his findings.

The plaintiff has duly prosecuted an appeal to this court.

The decree recites that the cause was heard upon certain record evidence and depositions, which are specifically named. Among others is the following: "The deposition of Marcus J. Cone, filed in the action on August 21, 1909, and the later deposition of Marcus J. Cone filed on the 30th day of September, 1909." After the appeal had been perfected, counsel for appellant discovered that the first deposition of Marcus J. Cone had been omitted from the transcript. Upon inquiry they discovered that the deposition had been lost. They sought and obtained a continuance of the case in this court until after the Bradley Chancery Court convened in order that they might amend the record. They have filed the certificate of the chancellor stating that the lost deposition of Marcus J. Cone was a lengthy one, but in all essential respects is the same as the one in the record.

Counsel for appellees asked that the decree be affirmed because it recites that evidence was considered upon the hearing which does not appear in the transcript.

It may be stated at the outset that the certificate of the chancellor as to what the lost deposition of Marcus J. Cone contained is a matter outside the record and cannot be considered by us on appeal. We must look to the record alone. This was expressly held in the case of *Hardie* v. *Bissell,* 80 Ark. at p. 79. The decree recites that "the deposition of Marcus J. Cone filed in the action on August 21, 1909," was read in evidence. The transcript which appellant has caused to be filed in this court does not contain that deposition. "This being true, every question of fact that was essential, under the pleadings, to sustain the decree, we must assume, was established by the absent evidence." *Mat-*

*lock* v. *Stone,* 77 Ark. 195; *East* v. *Key,* 84 Ark. 429.   See also *Beecher* v. *Beecher,* 83 Ark. 424.

In the case of *Hardie* v. *Bissell, supra,* the rule is stated as follows: "In a case where the record showed that it did not contain all the evidence, this court held that it would presume that the evidence was sufficient to sustain the finding and decree of the chancellor.   This presumption in favor of the decree, the court said, 'prevails to the extent of curing every defect in the allegations of the pleadings which by reasonable intendment may be considered as having been proved.'"   It is true that the defendants did not introduce any evidence on the subject of their supervening equities; and it is also true that the deposition of Marcus J. Cone, filed on September 30, 1909, does not help the defendant's case; but it may have been that his first deposition established their defense, and that the chancellor believed the testimony he then gave.   Be that as it may, the settled rule of this court is that where the decree recites that other evidence was heard by the court which has not been preserved and copied in the transcript, the presumption must be that such evidence sustains the decree.   *Dierks Lumber & Coal Co.* v. *Cunningham,* 81 Ark. 427.

The defendants in their answer set up that they had purchased the lands under the belief that the Cones had abandoned all claims to it, and that this belief had been induced by the acts and conduct of the Cones.   Hence the decree is responsive to the issue joined by the pleadings.   We try chancery cases *de novo* on the record made in the court below.   As the appeal presents no question that can be determined without considering the sufficiency of the evidence to establish the defense relied upon, the decree must, according to our practice, be affirmed.