## HAYES v. HARGUS.

### Opinion delivered January 1, 1917.

1. APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS—ORAL TESTIMONY—PRESUMPTION.—Where a cause was heard upon oral testimony, and there is no bill of exceptions in the record, it will be presumed that the judgment is sustained by the oral testimony.

2. ADMINISTRATION—REPORT OF ADMINISTRATOR—APPEAL—ABSENCE OF BILL OF EXCEPTIONS.—Where exceptions were made to the report of an administrator, and where oral testimony heard in the circuit court was not brought up by way of bill of exceptions, the judgment of the circuit court will be affirmed.

3. ADMINISTRATION—ACTS OF ADMINISTRATOR—ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, it will be presumed on appeal, that an administrator complied with the orders of the probate and circuit courts.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; affirmed.

### STATEMENT BY THE COURT.

On the 20th day of June, 1911, Mrs. Catherine Hargus died leaving two sets of children, three by her husband, Hargus, and several children by her former husband Hayes. She owned a valuable estate consisting of real estate and personal property. Frank Hargus was appointed administrator of her estate. He moved out of the State without administering the estate of which he was appointed administrator. The Hayes heirs filed their petition in the probate court making the Hargus children defendants, setting up that Frank Hargus had moved out of the State without filing an inventory or settling with the estate, and asking that his letters of administration be revoked and that another person be appointed administrator; that Frank Hargus be required to file a complete inventory, and to make proper showing to the administrator succeeding him.

The probate court finding the facts set up in the petition to be true revoked the letters of Frank Hargus and ordered G. M. Caruthers, the sheriff of Fulton county, as public administrator to take possession of the entire estate and to render a full and complete inventory

of same at the next term of court. At the next term of the court the record of the probate court shows that "the first and final account current" of Frank Hargus, administrator, was presented and was continued for exceptions till the next term. The record also shows that at this same term "was presented to the court for examination the inventory of the estate of Catherine Hargus, deceased," and that too "was continued for exception until the next term." At the next term exceptions were filed to the report of the public administrator setting up that he had not taken charge of certain personal property and real estate belonging to the estate of Catherine Hargus. The court found that the administrator had "failed to get possession and accounting of" certain property real and personal, designating and describing it. The court at this term sustained the exceptions to the report and ordered the administrator to "proceed to take charge of all the aforesaid property and to make report of same at the next regular term." At the next term among other orders made was one directing Frank Hargus within twenty days to file with the public administrator an itemized list of all property he took possession of and showing what disposition he had made thereof, and other orders directing the public administrator to make distribution of certain sums in his hands. The order concluded by directing him not to attempt in any way to take possession of any real estate. The next term shows the filing of what is termed the first and final account current of Frank Hargus, administrator, in which he charges himself with amount of inventory $1,965.68 and credits himself with various amounts paid out for the estate showing after a restatement by the court of the amount of credits entered by order of the court, $1,736.72, leaving a balance of $228.96 which he paid over to the administrator in succession, taking his receipt therefor, and the first and final account as thus stated was continued for exceptions. The next term the petitioners filed exceptions to this so-called account current of Frank Hargus, setting out at length and specifically wherein the peti-

tioners claimed it was defective and incomplete and concluding with a prayer asking a rule on Frank Hargus to make a "full and complete showing of every item of the estate and the disposition of the same in the same sense and to the same end as if the estate had been properly administered." The record of the next term shows that the court heard the exceptions to the "first and final settlement of Frank Hargus as administrator of the estate of Catherine Hargus, deceased," and "after hearing the evidence of witnesses adduced orally at the bar of the court" found that the account should be restated, and that the account after being restated showed a balance of $228.96 in the hands of Frank Hargus; that the account as thus restated was approved, and the administrator Frank Hargus was to be discharged from further liability as administrator after he had paid the above sum to his successor in administration. The record of this term also shows that Caruthers presented an inventory and first account current showing that after charging himself with the amount received of the estate of Catherine Hargus and crediting himself with the amounts paid out, he had a balance in his hands of $612.17. Exceptions were filed to this account current and it was continued till the next term.

After this Caruthers filed his final account current which by the judgment of the probate court was confirmed and approved, and on appeal the circuit court rendered the judgment from which this appeal comes, which recites in part as follows: "On this day this cause coming on to be heard and by leave of the court granted, the plaintiff filed exceptions to the account current herein." Then follows a recital showing that certain motions were made and overruled. Then the record continues as follows: "Whereupon the cause was submitted upon the account current of Frank Hargus, a former administrator of the estate of Catherine Hargus, deceased, plaintiff's exceptions thereto, and the vouchers exhibited to the said account current and the record and evidence as to their validity and correctness." Then follows recitals of particulars in which the

court corrected the account current, amounting in the aggregate to the sum of $14.50. The court approved and confirmed the account current with this exception, and rendered judgment in favor of the estate against Frank and Abner Hargus for such amount. The appellants, the Hayes heirs, excepted and prosecute this appeal.

*J. M. Burrow,* for appellants.

1. No inventory was filed by Hargus. The claims were not authenticated as the law requires. Kirby's Digest, § 114; 66 Ark. 327; 69 *Id.* 62. No advertisement was made. The orders of court were not complied with. The property is gone and no showing except as $1,347.49 in the public administrator.

2. Reviews the evidence and upon the facts contends that judgment should have been rendered for at least $3,313.14.

*Lehman Kay,* for appellees.

1. There is no motion for a new trial nor bill of exceptions. 22 Ark. 517; 53 *Id.* 204; 36 *Id.* 461; 58 *Id.* 399; 35 *Id.* 438; 25 *Id.* 503; 47 *Id.* 230.

2. On the facts the judgment is right.

WOOD, J. (after stating the facts). There was no motion for new trial and no bill of exceptions. The cause ''was submitted upon the account current of Frank Hargus, plaintiffs' exceptions thereto, and the vouchers exhibited to said account current, and the record and evidence as to their validity and correctness.'

(1) In *London* v. *McGehee, Trustee,* 26 Ark. 469, we said: ''The uniform holding of this court is that where the record shows that the cause was heard upon oral testimony and that testimony has not been brought into the record by bill of exceptions, this court will presume, on appeal, in favor of the finding and judgment of the trial court, that every fact necessary to sustain the judgment was proved where evidence adduced at the proper time would have justified the court's ruling.'' See also *Bassham* v. *Railway Co.,* 58 Ark. 399-401, and cases cited.

Where there is no motion for new trial, we can only correct such errors as appear in the record proper or judgment roll. *Williams* v. *State,* 47 Ark. 230; *Percifull and Wife* v. *Platt,* 36 Ark. 456-61. Any error apparent upon the face of this record, considering the entire proceedings of the probate court as part of the judgment roll or record proper, could have been cured by evidence introduced at the proper time.

(2-3) . The probate court had. jurisdiction of the subject matter and of the parties here sought to be made liable for the alleged irregular and illegal administration of the estate of Catherine Hargus, and had power to enter such orders and judgments after hearing the evidence introduced as would fully protect the interests of those in the estate. The record shows that the probate court heard the exceptions to the "first and final account current of Frank Hargus, and after hearing the evidence of witnesses adduced orally at the bar of the court" found a certain balance due by him to the estate. The circuit court on appeal likewise heard the exceptions on the record and evidence and rendered its judgment. Appellants contend that no inventory was ever filed by Frank Hargus, but the record shows that an "inventory of the estate of Catherine Hargus was presented to the court for examination," and the record further shows that Frank Hargus charged himself in his account current "to amount of inventory $1,965.68." These record entries taken together were sufficient to show that the inventory was filed by Hargus, but if not, it would be presumed that the court found from the oral evidence that such inventory was filed by Hargus, and that the court before rendering final judgment became possessed of all the facts showing what the inventory contained or should have contained, and based its judgment upon such facts. Another contention of appellants is that the claims against the estate were not authenticated as the law requires. But again the probate court and the circuit court having heard the evidence pertaining to these claims must be presumed to have found that such of them as they approved in the

account current of Hargus were just and correct, presented for probate in apt time and should have been allowed and paid even though they had not been duly authenticated in the first instance. The record shows that the circuit court remanded the cause to the probate court to have Frank Hargus restate his account and to submit affidavits from the parties whose claims against the estate he had paid, and the record of the probate court recites that "Frank Hargus has complied with the said order of the circuit court" and the record of the circuit court recites that "Frank Hargus did procure and attach to all of said vouchers the required affidavit and presented the same to the probate court" except for the amount wherein it entered judgment against him. Appellants say that the affidavits brought before the probate court and the circuit court on appeal showed that he had only furnished affidavits covering $455.28, whereas he should under the order of the circuit court have furnished affidavits covering the entire amount of $1,214.25 that had been found by the circuit court to be due by Hargus to the estate when it first ordered the cause remanded for restatement of his account. But here again the findings of the probate and circuit courts that Hargus had complied with the orders of the court cannot be overcome by the mere absence of some of the affidavits from the record. The presumption must be indulged that the finding of the court that Hargus had complied with its order is correct, in the absence of a bill of exceptions or a recital in the judgment itself showing that only the affidavits set forth in the transcript were considered. The other contentions of appellant cannot be sustained for the same reason.

The appellants have not shown by the record lodged in this court any errors for which the judgment of the circuit court should be reversed and it is therefore affirmed.