LINDQUIST *v.* STATE.

4515                                      213 S. W. 2d 895

Opinion delivered October 11, 1948.

*Joe H. Schneider, Henry Donham* and *William H. Donham, Jr.,* for appellant.

*Guy E. Williams,* Attorney General, and *Eugene R. Warren,* for appellee.

GRIFFIN SMITH, Chief Justice. Karl Lindquist and the other appellants constitute the State Board of Chiropractic Examiners. Acting under what they thought to be the applicable statute, Pope's Digest, § 10778, they licensed Thelma Anderson in September 1947 without requiring her to procure a certificate from the Board of Examiners in the Basic Sciences. Each was fined one dollar, it being the trial Court's views, in which we concur, that the action was erroneous but not willfully or wantonly done.

Appellants contend they were authorized by Pope's § 10778 (§ 3, Act 485 of 1921) to grant reciprocity "with states having equally as high literary professional requirements as provided in this State."[1] Section 1 of the Act, § 10776 of Pope's Digest, prohibits an applicant from taking an examination before the Chiropractic Board without supplying evidence that he or she possesses a four-year high school education or the equivalent. The license-seeker must also have graduated from a reputable college of Chiropractic teaching a resident course of not less than three years in anatomy, chemistry, physiology, hygiene, symptomatology, chiropractic principles, and diagnosis. One in possession of these prerequisites may take the examination.

Appellants' argument is that under § 3 the Chiropractic Board is *expressly* empowered to recognize a reciprocating state's license because there has been a determination that the applicant was qualified in basic science subjects and that such state exacted literary [and] professional requirements equal in dignity to those established in Arkansas. [Reference to the conjunction "and" is made in the first footnote.]

[1] Appellants, in copying § 3 of the Act, have unintentionally added "and" between "literary" and "professional." Neither the Digest nor the printed Acts of 1921 contains "and," nor does the original or enrolled Bill, now on file in the office of the Secretary of State.

Subsequent to the legislation heretofore referred to the General Assembly, as a matter of public policy, established a Board of Examiners in the Basic Sciences. Act 147 of 1929, Pope's Digest, § 10795-14. Some of its provisions were construed in *Stroud* v. *Crow,* 199 Ark. 814, 136 S. W. 2d 1025. In the opinion it was said that the 1929 enactment did not repeal, amend, or modify any preëxisting law "relative to examination of applicants to practice the healing art, but is an additional requirement." It was something to be complied with before taking the examination.

These statements, it is now urged, are judicial determination that discretion was left in the Chiropractic Board to waive examinations.

Section 19 of the Basic Science Act directs that none of its provisions be construed as repealing any statute in force at the time of its passage "with reference to the requirements governing the issuance of a license to practice the healing art or any branch thereof."

We think (as Mr. Justice McHANEY expressed it in the *Stroud* case) that Act 147 "superimposed its requirements" upon preëxisting laws. Since it directs how the licensing authority should proceed and is complete in this respect, construction is not difficult. Section 1 bars from examination any person who has not presented *to the licensing board* . . . a certificate of ability in the basic science subjects issued by the State Board of Examiners [in the basic sciences]; but *that* Board (§ 8) may waive the examination required by § 7 and issue a certificate upon which the licensing board may act. In either event the Basic Science Board must certify. Sections 1 and 7 of Act 147 are not inconsistent or contradictory.

In extenuation, appellants call attention to official opinions given by the Attorneys General, as early as June 1929 and as recently as 1947, expressing the belief that the law permitted the exercise of reciprocity as practiced by appellants; hence they should be excused. Courts

have no such power; but they may, as we here do, recognize an absence of wrongful intent.

Affirmed.

Mr. Justice McFADDIN not participating.