McKINNEY *v.* CALDWELL, EXECUTOR.

4-9845                                     250 S. W. 2d 117

Opinion delivered June 23, 1952.

*Ed B. Cook,* for appellant.

*Holland & Taylor,* for appellee.

MINOR W. MILLWEE, Justice. Appellant is the widow of Will McKinney. She prosecutes this appeal from an order of the probate court overruling her exceptions to the amended final report of appellee, Chester Caldwell, as executor of the estate of Will McKinney, deceased.

Appellee filed his first and final report as executor on July 14, 1950, and the amended final report on May 1, 1951. The only issue presented on this appeal is the correctness of the court's allowance to appellee in the final amended report of a credit of $303.55 which appellee paid, either to himself or to the Planters' Cooperative Gin Co. of which he was secretary and treasurer, in partial satisfaction of a note and chattel mortgage made to appellee by Will McKinney in March, 1949.

The judgment appealed from recites: "The Court further finds that the executor at all times had in his hands and possession the property given as security under said Chattel Mortgage and that said indebtedness was paid out of said security and that neither the said Chester Caldwell nor the Planters Cooperative Gin filed or presented to the executor its claim for such indebtedness, nor did the executor file with the Court any such claim, nor was any Court order ever made authorizing the executor to retain or to pay over to the Planters Cooperative Gin the said Three Hundred and Three Dollars and Fifty-Five Cents (\$303.55) or any other sum, but the Court does find that the claim was a just one, a secured one and should have been paid by the executor, and the Court now approves his action in paying and allows same in the amount of Three Hundred and Three Dollars and Fifty-Five Cents (\$303.55), the allowance asked for him herein and does hereby approve said amended first and final report."

The cause was submitted to the trial court upon the reports of appellee as executor, the exceptions thereto by appellant, certain documentary evidence, and the oral testimony given by appellee. At the outset we are confronted with the fact that the oral testimony given by appellee has not been properly brought into the transcript of the record. On the day of trial the court reporter was absent on account of illness and the parties proceeded to trial without having the oral testimony reported. The trial court refused to approve a transcript which contained a statement prepared by appellant of the purported oral testimony. However, the trial

court made a statement for the record setting out his recollection of the testimony given by appellee.

The trial court properly refused to approve the resume of appellee's testimony tendered by appellant and appellee's motion to strike same must be sustained. We have repeatedly held that purported evidence, not authenticated by a bill of exceptions or brought into the record by other appropriate method, such as a by-stander's bill under Ark. Stats., § 27-1751, cannot be considered on appeal. In such cases it will be presumed that the missing evidence was sufficient to sustain the trial court's finding and judgment. *State Use, Etc.*, v. *Leatherwood*, 127 Ark. 274, 192 S. W. 218; *Roth Tobacco Co.* v. *Layton Dept. Store,* 163 Ark. 221, 260 S. W. 25.

The case of *Hayes* v. *Hargus,* 127 Ark. 22, 191 S. W. 408, involved exceptions to the report of an administrator where the cause was heard in part upon oral testimony which was not brought into the record by bill of exceptions. In affirming the judgment the court reiterated approval of the following statement from *London* v. *McGee, Trustee,* 126 Ark. 469, 191 S. W. 10: "The uniform holding of this court is that where the record shows that the cause was heard upon oral testimony and that testimony has not been brought into the record by the bill of exceptions, this court will presume, on appeal, in favor of the finding and judgment of the trial court that every fact necessary to sustain the judgment was proved where evidence adduced at the proper time would have justified the court's ruling."

The same rule prevails where the trial court certifies or sets out his recollection of the absent testimony. The memory of the trial court as to the purport of the absent testimony cannot be taken as a substitute for the testimony itself. *Pirtle* v. *Southern Lumber Co.,* 98 Ark. 266, 135 S. W. 908, *Bradley Lumber Co.* v. *Hamilton,* 109 Ark. 1, 159 S. W. 35. In the case last cited the court said: "The chancellor might be mistaken in his recollection concerning the testimony. Therefore, the testimony it-self is the only thing that can be considered. The isues in the case could not have been determined except upon

a consideration of all the testimony in the case; and whether or not the chancery court erred in its findings and decree can only be determined by a consideration of all of the evidence. Since some of the testimony that was before the chancellor has not been brought into this record, we must assume that every question of fact essential under the pleadings to sustain the decree was established by the absent evidence.''

Here the validity of the trial court's allowance to appellee of credit for the mortgage indebtedness is a question that could only be determined by a consideration of all the evidence. Since some of the testimony that was before the trial court has not been brought into the record by any of the established methods of preserving such testimony, we must presume, under our practice, that the judgment is sustained by the missing evidence.

Appellant insists that error is apparent from the face of the record because the trial court's order shows that appellee proceeded against the security under his chattel mortgage without probating a claim against the estate. It is argued that the effect of § 116 of the Probate Code (1951 Pocket Supp., Ark. Stats., § 62-2607) was to change the law so as to make it mandatory that a personal representative probate a secured claim against the estate. This section of the new code provides that a personal representative may establish a claim he may have against the estate by filing it with the court which shall allow it, if satisfied as to its validity after a proper hearing. This section is merely a simplified restatement of the old statute (Ark. Stats., § 62-1022). See, Committee Comment to § 62-2607, *supra*.

This court is committed to the rule that a mortgagee need not probate his claim against the estate of a deceased mortgagor, but is entitled to proceed under the power given in the mortgage for its satisfaction. *McClure v. Owens,* 32 Ark. 443; *Wolff v. Perkins,* 51 Ark. 43, 9 S. W. 432. This rule is bottomed on the doctrine that the wife, by marriage, does not acquire an *inchoate* right of dower in the personal property of her husband and he may sell, mortgage or dispose of it at his pleasure.

Her right to dower in his personal estate does not accrue until he dies, and a chattel mortgage executed by him in his lifetime remains a valid lien after his death and takes precedence over the widow's dower. The lien of appellee's mortgage was, therefore, paramount to appellant's right of dower and appellee, as a secured creditor, was not required to probate his claim against the estate but could proceed against the mortgage security to collect the debt and to account for any remaining surplus. This is the effect of the trial court's judgment. As previously indicated, we must presume that the testimony was sufficient to support the court's finding as to the validity of the mortgage and the proceedings by appellee in pursuing his legal remedy against the security thereunder.

The judgment of the probate court is affirmed.