564

MARTIN *v.* MARTIN.

5-341 267 S. W. 2d 320

Opinion delivered April 26, 1954.

*S. L. Richardson,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

J. SEABORN HOLT, J. Appellee, Vivian Martin, brought suit against her brother, Harry Martin, and in her complaint alleged, in effect, and prayed, that Harry Martin be declared to be holding legal title to certain property (six lots), appellee's residence in the town of Trumann, as a trustee of a resulting trust, and further prayed that an alleged partnership between them, involving business property in the town of Trumann and farm land in Poinsett County, be dissolved and the partnership property partitioned.

Appellant answered with a general denial and affirmatively pleaded the defense of laches, estoppel and statute of frauds. In a cross complaint, appellant alleged that he "has an absolute interest in all of said property as the sole owner thereof," etc. Thereafter, appellee answered appellant's cross complaint and denied "each and every allegation" therein.

Voluminous testimony was taken in this case before the trial court. There were findings and a decree in favor of appellee. The case is here on direct appeal of appellant and cross-appeal of appellee.

At the outset, we are met with an order of this court, (on appellee's motion) entered on March 8, 1954, striking the Bill of Exceptions in this case. This being true, we are limited to a consideration of what appears on the face of the record. We find no error apparent on the face of the record presented.

Our rule is well established that evidence at the trial cannot be considered by this court on appeal without a proper bill of exceptions and in such circumstances, we must presume that the absent evidence was sufficient to support the trial court's findings and decree. *McKinney* v. *Caldwell, Executor,* 220 Ark. 775, 250 S. W. 2d 117 and the decree of April 19, 1954 of *Oather S. Blackburn, et al.* v. *Abraham Ford, ante,* page 524.

On her cross-appeal, appellee "questions that part of the decree which found appellant to have an equal interest in the original capital of the partnership," * * *. "She does not question the findings of fact, but contends that the Chancellor improperly applied the law to these facts." We find no merit to this contention for the reason that the court's decree here, —which was a part of the record proper, —determined this issue along with all others, based on conflicting facts on matters joined by the pleadings above. These conflicting facts were contained in the absent bill of exceptions and must be presumed to support the findings and decree, therefore, appellee is in the same position on her cross-appeal as appellant on his direct appeal.

Accordingly, the decree is affirmed on both direct and cross-appeal.