STATE OF ARKANSAS v. W. L. LAWRENCE

5-5394                                    439 S.W. 2d 819

Opinion Delivered April 14, 1969

[Rehearing denied May 19, 1969.]

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen., for appellant.

*Autrey & Goodson* for appellee.

JOHN A. FOGLEMAN, Justice. Appellee was convicted in Municipal Court of Texarkana, Arkansas, of the offense of selling beer to a minor and upon a plea of nolo contendere he was fined one hundred fifty dollars and costs. He appealed this conviction to the Circuit Court of Miller County. An additional count of selling beer to a minor was filed against him by information, in the Circuit Court of Miller County. These cases were consolidated for trial and appellee entered pleas of not guilty. Subsequently he withdrew the not guilty pleas and entered pleas of nolo contendere. The court found appellee guilty of both charges of selling beer to a minor but refused to assess any fine or imprisonment against him. The court also refused to suspend a beer license held by appellee but which was not involved in the circumstances which resulted in his convictions. The court's order in each case was:

> "It is therefore by the Court considered, ordered and adjudged that said defendant is guilty as charged and in view of the financial loss of Defendant's sale of liquor stores involved in this cause no fine, penalty or punishment is assessed by the Court in this cause."

This appeal by the state was prosecuted by authority of Ark. Stat. Ann. § 43-2733 (Repl. 1964) which provides the procedure for appeal by the state from a judgment involving a misdemeanor.

The appellant argues that the trial court erred in refusing to fine and sentence appellee and in refusing to revoke his permit to sell beer and intoxicating liquors after a finding of guilty on two charges of selling beer to a minor. The pertinent portions of the statutes involved are as follows:

> Ark. Stat. Ann. § 48-525 (Repl. 1964)—"It shall be unlawful for a licensee, or for any agent, servant or employee of a licensee ... (c) to sell,

barter, furnish or give away to any minor under the age of twenty-one (21) years any wine or beer ... Any violation of the provisions of this section shall constitute a misdemeanor and shall be punished by a fine of not more than five hundred ($500.00) dollars and not more than one (1) year in jail ..."

Ark. Stat. Ann. § 48-525 (Repl. 1964)—"Any person convicted of the violation of any provision of this Act [§§ 48-501—48-527] which violation is by this Act, defined as a misdemeanor and for which no specific punishment is in this Act provided, shall upon conviction thereof be punished as otherwise provided by law. And if any person so convicted shall be the holder of any permit issued by the Commissioner of Revenues [Department of Alcoholic Beverage Control] under authority of this Act, such permit shall from and after date of such conviction be void and the holder thereof shall not thereafter for a period of one (1) year after the date of such conviction be entitled to any permit for any purpose authorized in this Act."

Appellant argues that upon a conviction for violation of § 48-524 the trial court is required, by virtue of § 48-525, to revoke any permit issued by the Department of Alcoholic Beverage Control to a person so convicted. Appellee argues that § 48-525 only applies to those violations of Act No. 7 of 1933 [Ark. Stat. Ann.§§ 48-501—48-527 (Repl. 1964)] for which no specific punishment is provided and this would not include § 48-524. We do not reach the merits of appellee's argument on this point, however, because we are of the view that the circuit court is without authority to revoke a beer permit issued by the Department of Alcoholic Beverage Control.

Act 159 of 1951 [Ark. Stat. Ann. §§ 48-1301—48-1321 (Repl. 1964)] created the Department of Alcoholic Beverage Control and enumerated its various powers and duties. Section 13 of that Act [Ark. Stat. Ann. § 48-1312 (Repl. 1964)] is as follows:

"All proceedings for the suspension and revocation of licenses shall be before the Director, and the proceedings shall be in accordance with rules and regulations which shall be established by the Director and not inconsistent with law. No such license shall be revoked except after a hearing by the Director with reasonable notice to the licensee and an opportunity to appear and defend..."

The language of § 48-1312 is unmistakably clear, "*All proceedings for the suspension and revocation of licenses shall be before the Director ... No such license shall be revoked except after a hearing by the Director ...*" (emphasis supplied). It is apparent that § 48-1312, which gives the Director of the Department of Alcoholic Beverage Control the exclusive power to revoke or suspend beer licenses, is repugnant to § 48-525 which gives the circuit court the same power. We said in *Hickey* v. *State,* 114 Ark. 526, 170 S.W. 562, "It is a cardinal rule of statutory construction that where two legislative acts relating to the same subject are necessarily repugnant to and in conflict with each other, the later act controls, and, to the extent of such repugnance or conflict, repeals the earlier act whether expressly so declared or not." We therefore hold that Ark. Stat. Ann. § 48-1312 (Repl. 1964) repeals, by implication, that portion of Ark. Stat. Ann. § 48-525 (Repl. 1964) which gives the convicting court the power to revoke a permit issued by the Department of Alcoholic Beverage Control to sell beer upon a conviction of the crime of selling beer to a minor. The circuit court, therefore, did not commit error when it refused to revoke the appellee's beer permit, and in this respect the cases will be affirmed.

We feel, however, that the circuit court was in error when it refused to assess any punishment against appellee upon a judgment of guilty. Ark. Stat. Ann. § 43-2324 (Repl. 1964) allows a judge, upon a verdict of guilty, to postpone the pronouncement of sentence if he deems it best for the defendant and not harmful to soc-

iety. . Ark. Stat. Ann. § 43-2326 (Repl. 1964) gives the court the authority to suspend the execution of jail sentences or the imposition of fines or both in all criminal cases. However, it is beyond the authority of a trial judge, upon a judgment of guilty, to simply refuse to assess any punishment. *Graham* v. *State*, 1 Ark. 171; *Lindquist* v. *State*, 213 Ark. 903, 213 S.W. 2d 895. Since this is the effect of the court's judgments and there was no attempt to either suspend or postpone the sentence, they are reversed.

Since the errors asserted on this appeal are apparent on the face of the record, no objection, exceptions or motion for new trial was required before they could be reviewed here. .*Williams* v. *State*, 47 Ark. 230, 1 S.W. 149; *Hayes* v. *Hargus*, 127 Ark. 22, 191 S.W. 408; *Percifull and Wife* v. *Platt*, 36 Ark. 456; *Wells* v. *State*, 193 Ark. 1092, 104 S.W. 2d 451. See also *Williams* v. *City of Malvern*, 222 Ark. 432, 261 S.W. 2d 6; *Thomas* v. *State*, 243 Ark. 147, 418 S.W. 2d 792.

The judgments are reversed as to refusal of the court to assess any punishment.

BROWN, J., not participating.

BYRD and HOLT, JJ., dissent.

CONLEY BYRD, Justice. I disagree with that portion of the majority opinion which holds that the circuit court erred in refusing to assess any punishment against the appellee upon a judgment of guilty. All of our cases hold that before this court will review an error of the trial court there must be an objection, a ruling of the court, and an exception saved, *Downs* v. *State*, 231 Ark. 466, 330 S.W. 2d 281 (1960). In the record here I fail to find any objection to the trial court's action in failing to assess a fine against appellee. The complete record before the trial court is as follows:

"BY THE COURT:

"First, with respect to Mr. Lawrence, I find that he has been penalized enough by the economics of the situation. He has lost money by having to sell at a less price than he could have on the open market with a reasonable time for negotiation, at a considerable loss. And I take notice that he has had expense before the Alcohol Control Board, and the Chancellor, and in the Municipal Court, and in this court. I think he has been punished far beyond the severity of the crime, and he is responsible only as an owner, and that's by a statutory sort of *respondeat superior.* Would that I could remit some of that, but I cannot.

"Mr. Lurry and Mr. Campbell, I think probably they were negligent, if not intentionally. I see no reason to fine them, because I believe and I take judicial notice that Mr. Lawrence would have to pay out any fine that was assessed, which is a business-type thing. And certainly, I see no useful purpose in putting a 70-year-old sick man in the penitentiary or jail, or putting Lantz Lurry in jail. I don't see that any useful purpose would be served in either instance.

"But whether their actions be intentional or negligent, I am going to keep them both out of the liquor selling business for a year. I am putting you each on probation for a year, the condition of your probation is good conduct, and no sales in any liquor stores. Mr. Campbell can continue to work for Mr. Lacy Lawrence in the present position he occupies. Are there any questions?

"BY MR. GOODSON:

"No sir. There will be a cost factor, I assume.

"BY THE COURT:

"I think I will have to impose costs against the defendants. Although I know Mr. Lawrence has suffered terrific financial loss, there has to be something. I can't make the county stand that. Mr. Clerk, will you submit a cost bill?

"BY MR. DENMAN:

"Your Honor, do I understand that the court is holding Mr. Lawrence guilty in this case?

"BY THE COURT:

"Yes, sir, I have no alternative. There is a plea of nolo contendere; that is in one sense a confession of guilt, and I am adjudicating guilt across the board.

"BY MR. DENMAN:

"I didn't understand your statement then, sir.

"BY THE COURT:

"Yes, sir.

"BY MR. DENMAN:

"Then I would call the court's attention to 48-525, sir, and rule on the permits of Mr. Lawrence.

"BY THE COURT:

"The permits will not be affected.

"BY MR. DENMAN:

"Will not be affected?

"BY THE COURT:

"No, sir.

"BY MR. DENMAN:

"Save our exceptions, your Honor.

"BY THE COURT:

"Very well. If there is nothing further, court will be in recess subject to call."

The only objection I can find in the foregoing record has to do with Ark. Stat. Ann. § 48-525 (Repl. 1964), and the objection there was limited to the trial court's failure to revoke the permits held by appellee.

This case is a prime example of the necessity for objections to the ruling of the trial court. Had the objection been made, the trial court could have simply assessed a one dollar fine as was done in *Lindquist* v. *State*, 213 Ark. 903, 213 S.W. 2d 895 (1948), and could have, under the majority opinion, immediately suspended assessment of the one dollar fine.

Further, I do not agree with the majority opinion that the trial court was in error in refusing to assess any punishment. The statute here involved (§ 48-524) provides, "Any violation of the provisions of this section shall constitute a misdemeanor and shall be punished by a fine of not more than $500 and not more than one year in jail . . . ." Thus as I read the criminal statute involved the only limitation placed on the court is that the sentence not exceed $500 or more than one year in jail. The case of *Graham* v. *State*, 1 Ark. 171 (1837), relied upon by the majority, involved a statute wherein the law declared that on conviction the person convicted should pay a fine not less than $100 and not more than $200. In holding that a fine of $30 was illegal, we said:

"To what good purpose has the Legislature defined punishment, and prescribed the quantum thereof, if the courts and juries are at liberty to disregard the former or, in their discretion, pass the limits prescribed for the latter? Certainly not any. In this view of the subject, (and we think it is the only correct view of it which can be taken,) it

is unimportant whether they undertake to mitigate or increase the punishment or fine: the one is as much a departure from the legal standard as the other. The former tends to favor, the latter to oppress, the person upon whom it is to operate. In either case, the law is violated, and public justice impaired or refused.''

The matter of an inadequate sentence is treated in 21 Am. Jur. 2d *Criminal Law* § 538, p. 518, as follows:

''A sentence of less than the minimum punishment prescribed by statute is no less improper than a sentence in excess of the permissible maximum. It has been held, however, that such a sentence is not void. It is erroneous and subject to correction, but it is not a ground for reversing the judgment on appeal. Nor is it a ground for discharging the prisoner on habeas corpus, except that when an inadequate sentence has been fully served without having been corrected the prisoner is entitled to a discharge, subject to the right of the state to move for entry of a proper sentence pursuant to the verdict of conviction.''

Therefore, even if we overlook the failure of the state to object to the nonassessment of any fine, I can find nothing illegal in the court's conduct because the statute involved did not fix a minimum fine as was the case in *Graham*. As I read the record the trial court found Mr. Lawrence guilty of the offense charged and assessed court costs against him. With men of pride, a mere finding of guilt is often the severest of punishment.

The majority opinion suggests that the failure of the trial court to assess ''a fine of not more than $500'' is error apparent on the face of the record which does not require an objection. My search of the authorities shows that the method for correcting an inadequate

sentence is by a timely motion in the trial court or by appeal from an adverse ruling on such motion, *Spanton* v. *Clapp,* 78 Idaho 234, 299 P. 2d 1103 (1956). This would appear to be the proper method or otherwise the keeper of the prisons could ignore the sentence set forth in the judgment of conviction and keep the prisoner for the minimum time set forth in the statute under which the prisoner stands convicted.

Furthermore, Ark. Stat. Ann. § 43-2736 (Repl. 1964), provides that a misdemeanor judgment "...shall only be reversed for errors of law apparent on the record to the prejudice of the appellant." Even if I should assume that the majority is correct in interpreting the statutory phrase of "not more than $500" as also including a minimum fine, it becomes obvious that such minimum could be as small as one cent—*i.e.* less than the cost of the postage stamp necessary to get the Attorney General's approval, Ark. Stat. Ann. § 43-2733, (Repl. 1964). The record here shows that the trial court would be reluctant to enter more upon a remand and might even suspend the payment of that. Under the circumstances there can be no prejudice to the State which would call for a reversal.

HOLT, J., joins in this dissent.