The Honorable Jimmie Lou Fisher Treasurer of State 220 State Capitol Little Rock, Arkansas 72201
Dear Ms. Fisher:
This is in response to a request for an opinion directed to us by Robert C. Brown, Director of Accounting, Audit and Legal, involving Act 397 of 1987. The following specific question has been posed:
 Is the authorization to receive money to be credited to the Children's Trust Fund the responsibility of the Treasurer of State or the State Child Abuse and Neglect Prevention Board?
Section 6 of Act 397 is clear in stating that the $5.00 fee shall be transmitted "to the State Treasurer who shall deposit the same in the Children's Trust Fund as special revenues." While Section 8 may at first blush appear to conflict with Section 6 in its designation of the Board as the "sole entity authorized to receive money . . . .", these provisions may be reconciled since Section 6 is dealing with specific funds derived from the $5.00 fee. To conclude otherwise one would have to ignore the clear language of Section 6 and infer, based upon language contained in the emergency clauses of Acts 139 and 140, that the General Assembly really intended for this fee to be remitted to the Board. This conclusion would be contrary to established rules of statutory construction dictating that the clear language will control if the statute if unambiguous on its face. Mourot v. Arkansas Board of Dispensing Opticians, 285 Ark. 128, 685 S.W.2d 502 (1985). It is reasonable to conclude, moreover, that there is no ambiguity since Section 8 of the Act appears to have reference to "money or other assistance" which may be distinguished from the special revenues generated under Section 6.
It is also well-established that, to the extent statutes conflict, the later one in time will control. State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969). Act 139 and Act 140 were approved by the Governor on March 9, 1987, while Act 397 was signed into law March 29, 1987. Inclusion in Act 397 of language similar to that appearing in the aforementioned emergency clauses could easily have been accomplished.
It is my opinion therefore, that the specific "internal accounting controls" referenced in Act 139 and Act 140 are not provided for in Act 397. The Board will of course be required to comply with all applicable fiscal control laws involved in the management of the Trust Fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.