The Honorable James W. Daniel Chairman, Workers' Compensation Commission Justice Building Little Rock, AR 72201
Dear Chairman Daniel:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 81-1336(a)(2), as amended by Act 806 and Act 980 of 1987. You have asked, specifically, whether the Commission may require, shall require or should not require the posting of any surety or security of any kind from public employers enrolled in the Individual Self-Insurer Program.
As noted in your request, Act 806, which was approved by the Governor on April 8, 1987, purports to exempt municipalities, counties or the State or its political subdivisions from the requirement that an indemnity bond or securities be posted as a condition to receiving authorization as a self-insurer. Section 1(2) of Act 806 tracks the language of Section 1 of Act 994 of 1979, as amended by Act 72 of 1981, codified at Ark. Stat. Ann. 81-1336 (Cum. Supp. 1985) in providing that the Commission may impose such a requirement. Act 806 also exempts municipalities, counties or the State and its political subdivisions from the mandatory surety bond or securities requirement imposed under 81-1336 (a)(3)(c) as a condition precedent to qualifying as a group self-insurer.
Act 980 amends Section 1 of Act 994 of 1979, as amended, to eliminate the certified audited financial statement requirement as a condition for membership in a self-insurer group. Act 980 was amended during the regular session to include, under Section 1(a)(3)(c), the exemption appearing in Act 806 with respect to group self-insurers posting a surety bond or depositing acceptable securities. The language added by amendment to Act 980 is identical to Section 2(c) of Act 806 in exempting municipalities, counties or the State and its political subdivisions from this requirement. Act 980 was also amended to exempt municipalities, counties or the State and its political subdivisions from the excess insurance requirement set forth in Act 994 of 1979, as amended [codified at 81-1336(a)(3)(e)]. See Section 1(a)(3)(e) of Act 980. This is consistent with language appearing in Act 206 of 1987 involving exceptions to the excess reinsurance requirement imposed by that Act.
Act 980 does not, however, include the exemption set forth in Section 1(2) of Act 806 regarding an indemnity bond or securities. As a general matter, statutes must be read in harmony unless conflicting clauses cannot be reconciled. Berry v. Gordon,237 Ark. 547, 376 S.W.2d 279 (1964). In this case, Act 806 and Act 980 are in direct conflict with respect to the posting of an indemnity bond or deposit of securities by municipalities, counties or the State or its political subdivisions. Ordinarily in this instance the later act will be deemed the controlling piece of legislation. State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969). Act 980 was signed into law on April 14, 1987, subsequent to the approval of Act 806 on April 8, 1987. Both acts contain an emergency clause.
One might argue that the failure to include the exemption in Act 980 was inadvertent. This conclusion is belied, however, by the specific inclusion of the two other exemptions referenced above involving surety bonds or securities for group self-insurers and excess insurance. Act 980 is comprehensive in its amendment of 81-1336. It will be presumed that the General Assembly intended to employ the words appearing in the statute particularly where, as here, inclusion of the language in question could easily have been accomplished.
It must be concluded, therefore, that the Commission may require the posting of an indemnity bond or the deposit of securities as a condition to the public employer's receipt of authorization as an individual self-insurer. It is my opinion that this provision is not mandatory. Rather, the Commission may exercise discretion in imposing such a requirement.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.