The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, Arkansas 72401
Dear Senator Bookout:
This is in response to your request for an opinion regarding civil service coverage of non-uniformed or part-time personnel.
Ark. Stat. Ann. 19-1419, et seq. (Repl. 1980), which is the codification of Act 221 of 1963, provides under 19-1419 as follows:
 Any city of the first class in this State now or hereafter having a population of 20,000 or more but less than 75,000 inhabitants according to the most recent Federal Census, may establish or continue a civil service system for the non-uniformed employees of any such city, either by action of the city council or other governing body of such city or by a local initiated measure. Any civil service system established or continued pursuant to this act [19-1419 — 19-1437] shall cover such non-uniformed employees of the city as the ordinance establishing or continuing the system shall prescribe.
Cities of 20,000 to 75,000 appear to have been granted discretion under the foregoing provision with respect to civil service coverage of non-uniformed employees. This provision does not on its face mandate such coverage for all non-uniformed personnel, nor is a distinction made between police and fire department or other departments of city government.
Civil service systems for police and fire departments are governed by Ark. Stat. Ann. 19-1601.1 et seq. (Repl. 1980). Authority for the establishment of a Board of Civil Service Commissioners by first class cities is found in 19-1601.1. It is significant to note that 19-1601.1 provides for the establishment of such Boards "for the Police and Fire Departments of the respective cities and/or the non-uniform employees of the respective cities. . . ." (Emphasis added.) This statute is the codification of Act 326 of 1949. Although there appears to be no case law on point, one may successfully argue that to the extent of any conflict in this regard between 19-1601.1 et seq. and 19-1419, the latter statute controls since it is the later act. See State v. Lawrence,246 Ark. 644, 439 S.W.2d 819 (1969).
While the foregoing suggest that the legislature has distinguished civil service coverage for non-uniformed employees of cities with populations of 20,000 to 75,000, we find no authority for the proposition that part-time personnel are distinguishable from full-time personnel for purposes of applicable civil service provisions. It may therefore be reasonably concluded that coverage will be extended regardless of their status in this regard.
Yet it should be noted, finally, that the discretion of the "city council or other governing body of such city" with respect to "non-uniformed employees" arguably extends to part-time as well as full-time non-uniformed personnel. 19-1419 states that the civil service system established pursuant thereto "shall cover such non-uniformed employees of the city as the ordinance . . . . shall prescribe." It therefore follows that the city can determine whether coverage will be extended to non-uniformed part-time as well as full-time employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.