James D. Gingerich Director, Administrative Office of the Courts Justice Building 625 Marshall Little Rock, AR 72201-1078
Dear Mr. Gingerich:
This is in response to your request for an opinion regarding the "Crime Victims Reparation" assessment. Your specific questions are as follows:
 1. Act 396 and Act 904 of 1991 amend A.C.A. Sec. 16-90-718 (Supp. 1989), the `Crime Victims Reparation' assessment. In what amount and upon which offenses is the court cost to be levied?
 2. Specifically, is the offense of `driving while under the influence of intoxicants' to be assessed this additional court cost?
It is my opinion, in response to your first question, that a crime victim reparations assessment of at least $25.00 but not more than $10,000.00 shall be levied for each felony involving criminally injurious conduct (as defined in A.C.A. § 16-90-703(5) (Supp. 1989)) or for any violation of the Omnibus DWI Act, in accordance with A.C.A. § 16-90-718(a) (Supp. 1989).[1] An assessment shall be levied under subsection (b) of § 16-90-718, as amended by Act 904 of 1991, in the amount of $20.00 for each felony and $10.00 for each misdemeanor violation of state law or local ordinance, other than felonies involving criminally injurious conduct or Omnibus DWI Act violations. Subsection (b), as amended by Section 11 of Act 904, states:
 In addition to the imposition of any costs, penalties, or fines imposed pursuant to law, any person convicted or pleading guilty or nolo contendere of a felony, or a misdemeanor for violation of state law or local ordinance, which are not described in subsection (a) of this section, the court shall levy a victim reparations assessment of twenty dollars ($20.00) for each felony and ten dollars ($10.00) for each misdemeanor violation of state law or local ordinance, upon every fine, penalty, and forfeiture imposed and collected. When a cash bond is posted for any offense included in this subsection, the bond shall also include a sufficient amount to cover the victim reparations assessment.
Thus, with regard to your second question, one who is convicted, pleads nolo contendere or pleads guilty to the offense of "driving while under the influence of intoxicants," (a violation of the Omnibus DWI Act), will be ordered to pay a victim reparations assessment of at least $25.00, but not to exceed $10,000.00. The other additional cost, levied under §16-90-718(b) as amended by Act 904, does not apply to DWI Act violations because of the language in subsection (b), which excepts violations described in subsection (a) from this cost.
In reaching this conclusion, consideration has been given to Act 396 of 1991, which states under Section 5 that § 16-90-718 is amended to read as follows:
 16-90-718. Additional assessments — Disposition of moneys.
 (a) In addition to the imposition of any costs, penalties, or fines imposed pursuant to law, any person convicted or pleading guilty or nolo contendere in a felony or misdemeanor offense, not including traffic offenses, of this section, the court shall levy a victim reparations assessment of twenty dollars ($20.00) for each felony and ten dollars ($10.00) for each misdemeanor upon every fine, penalty, and forfeiture imposed and collected. When a cash bond is posted for any offense included in this subsection, the bond shall also include a sufficient amount to cover the victim reparations assessment.
Although the act identifies the amended language as subsections (a) and (b) of § 16-90-718, it is my opinion that the language under "(a)" in Section 5 of Act 396 cannot be reconciled with Section 11 of Act 904. The reference in Act 904 to violations "which are not described in subsection (a) of this section" must be construed to mean those violations set forth under §16-90-718(a) (Supp. 1989). The similarity in the subject matter and language of Section 5 of Act 396 and Section 11 of Act 904 indicates that the acts are amending the same provision. Because they cannot be reconciled, Act 904, as the later one in time, will be controlling in this instance.[2] See generallyState v. Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Subsection (a) of § 16-90-718 (Supp. 1989) states:
 In addition to the imposition of any costs, penalties, or fines imposed pursuant to law, any person convicted, pleading nolo contendere, or pleading guilty to a felony involving criminally injurious conduct or to a violation of any provision of the Omnibus DWI Act, § 5-65-101 et seq., shall be ordered to pay a victim reparations assessment of at least twenty-five dollars ($25.00), but not to exceed ten thousand dollars ($10,000), for each crime for which he was convicted. In imposing this assessment, the court shall consider factors such as the severity of the crime, the prior criminal record, and the ability of the defendant to pay, as well as the economic impact of the victim reparations assessment on the dependents of the defendant.
[2] Act 904 was approved on March 29, 1991, whereas Act 396 was approved March 7, 1991.