Colonel T.L. Goodwin Director, Arkansas State Police P.O. Box 5901 Little Rock, AR 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion regarding Act 846 of 1989, which is codified at A.C.A. § 16-81-106 (Cum. Supp. 1991).[1] Your specific questions are as follows:
 1. Does A.C.A. § 16-81-106(c) allow any certified law enforcement officer outside their jurisdiction to effect an arrest for a felony or misdemeanor committed in their presence; or, is this limited by the subsequent language that indicates, statewide arrest powers are in effect . . . at the request of municipal or county law enforcement agency having jurisdiction?
 2. Does the Director of the Arkansas State Police have the authority to grant such arrest powers in conjunction with this statute; or, in accordance with A.C.A. § 12-8-101, et seq.?
It is my opinion, in response to your first question, that the grant of authority under the first sentence of § 16-81-106(c) is limited by the subsequent language of that subsection. Section16-81-106(c) (Cum. Supp. 1991) states as follows:
 A certified law enforcement officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony or a misdeameanor. A certified law enforcement officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify the law enforcement agency having jurisdiction where the arrest was made. The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate. Statewide arrest powers for certified law enforcement officers will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request. Any law enforcement agency exercising statewide arrest powers under this section must have a written policy on file regulating the actions of its employees relevant to law enforcement activities outside its jurisdiction.
When read as a whole, subsection (c) reflects legislative intent to grant certain arrest powers to certified law enforcement officers who are outside their jurisdiction.
The reference to "[s]tatewide arrest powers" in the fourth sentence of this subsection does not, in my opinion, signify powers that are distinct from the foregoing grant of authority. To conclude otherwise would, in effect, result in general statewide warrantless arrest powers of local officers, (presumably in accordance with § 16-81-106(b)(2) (Cum. Supp. 1991)), unlimited by the introductory language of subsection (c).[2] I cannot conclude that such a distinction was intended, particularly in light of the limiting language of this subsection, i.e., "[s]tatewide arrest powers . . . will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request." (Emphasis added.) This qualifier would have been unnecessary had the legislature intended, under the previous language, to grant warrantless arrest powers to officers outside their jurisdictions, apart from and unqualified by the subsequent requirements.
The last sentence of subsection (c) is further evidence that the requirements set forth under that subsection will apply whenever an officer acts "outside [a law enforcement agency's] jurisdiction."
The answer to your second question is, in my opinion, "no." With regard to § 16-81-106, this section cannot, in my opinion, be construed to authorize the Director to grant statewide arrest powers to local law enforcement agencies. Rather, it authorizes municipal or county law enforcement agencies to request or permit the assistance of officers from other jurisdictions. Subsection (c) states that "[s]tatewide arrest powers for certified law enforcement officers will only be in effect when the officer is working outside his jurisdiction at the request of or with the permission of the municipal or county law enforcement agency having jurisdiction in the locale where the officer is assisting or working by request." Nor, in my opinion, does A.C.A. §12-8-101 et seq. form the basis for the Director's general power to establish the arrest authority of local officers.[3] The Director has supervision and control, for purposes of discipline and proper management, of all members and employees of the Department of Arkansas State Police. A.C.A. §12-8-104(g) (Cum. Supp. 1991). Section 12-8-106(d) (Supp. 1991) states that the State Police "shall cooperate with [the regularly constituted peace officers in the state] in the enforcement of the criminal laws of the state and assist such officers either in the enforcement of the law or apprehension of criminals." My research does not, however, reveal any authority for the proposition that the Director may grant statewide arrest powers to officers acting outside their jurisdiction. This matter appears to be governed, instead, by § 16-81-106 (Cum. Supp. 1991).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] As reflected in the Arkansas Code Revision Commission Notes to § 16-81-106 (Cum. Supp. 1991), this section was amended by Acts 846 and 715 of 1989. The Notes state that the two amendments are irreconcilable. Both versions have been codified. Act 715 granted general arrest powers to Arkansas Game and Fish Commission wildlife officers. Act 846, as discussed, infra,
granted statewide arrest powers to certified law enforcement officers. This opinion does not address the conflict, if any, between these provisions. For purposes of your inquiry, it should be noted that Act 846 is the later act, having been approved on March 22, 1989. Act 715 was approved on March 20, 1989. Thus, in the event of a conflict, Act 846 will control. See generallyState v. Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969).
[2] Warrantless arrest authority granted under subsection (b)(2) of § 16-81-106 includes warrantless arrests for battery based on probable cause, where there is evidence of bodily harm.
[3] The Director may, under § 12-8-106(g)(1) (Cum. Supp. 1991), authorize municipal police officers to patrol limited access highways.