The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, Arkansas 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on three questions regarding Act 206 of 1993, which amends several provisions of the law governing civil service for police and fire departments. Your questions deal specifically with that portion of A.C.A. § 14-51-301 which provides that "no person shall be eligible for appointment on the police department affected by this chapter who has not arrived at the age of twenty-one (21) years or who is over the age of forty-five (45) years." See
A.C.A. § 14-51-301 (b)(1)(B)(ii), as amended by Act 206 of 1993. Your three questions regarding this provision are as follows:
 1. Does the term `appointment' include the appointment of an officer from within the department to a higher position, in other words a promotion?
 2. Does Act 206 in fact limit those who may be considered for appointment from outside the department to individuals between the ages of 21 and 45 inclusive?
 3. Is Act 206, Section 8 (ii) in conflict with any federal or state law which may prohibit hiring discrimination based upon age?
In my opinion the answer to your first question is "no." This was the conclusion of Op. Att'y. Gen. No. 88-132, a copy of which is enclosed.
The answer to your second question is, in my opinion, "yes." This conclusion was also reached in Opinion No. 88-132. See also,however, A.C.A. § 14-51-307(1987); Connor v. Ricks,213 Ark. 768, 212 S.W.2d 552 (1948); and Op. Att'y. Gen. No. 87-090 as regards positions requiring peculiar or exceptional qualifications of a scientific, professional, or expert character.
It is my opinion that the answer to your third question is "no," but only for the next several months.
Arkansas has a state age discrimination law which provides that it shall be unlawful for a public employer to "fail or refuse to hire . . . any individual . . . because of the individual's age," absent age being a "bona fide occupational qualification." See
A.C.A. § 21-3-203 (Cum. Supp. 1991). It must be recognized, however, that this is a general law adopted in 1979 and last amended in 1989. The law specifically restricting the appointment of policemen based upon age in cities with civil service commissions (A.C.A. § 14-51-301), was originally enacted in 1933, and last reenacted and amended at the regular session of the legislature in 1993. See Act 206 of 1993. It has been held that where a special act applies to a particular case, it excludes the operation of a general act upon the same subject. Lovell v.State, 283 Ark. 425, 678 S.W.2d 318 (1984). It has also been stated that a statute of a general nature does not repeal an earlier statute on the same subject of a specific nature, unless there is a plain conflict between the two. Winston v. Robinson,270 Ark. 996, 606 S.W.2d 757 (1980). Finally, it has been held that if two legislative acts relating to the same subject are necessarily repugnant to and in conflict with one another the later act controls, and to the extent of any conflict, repeals the earlier act. State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969). To the extent of any conflict between these two acts, therefore, it appears that the age restrictions for police officers would control over the earlier and more general law prohibiting age discrimination.
The application of federal law to the question is a little more complicated. Prior to 1987 the federal "Age Discrimination in Employment Act," 29 U.S.C. §§ 621-634, prohibited discrimination against municipal police officers based upon age. This fact was made clear by the United States Supreme Court decision in EEOC v. Wyoming, 460 U.S. 226 (1983) wherein the Court rejected a constitutional challenge to Congress's extension of ADEA protections to state and local public employees. "Reacting to [a] wave of legal challenges, state and local governments in 1986 prevailed on Congress to grant them a grace period during which to study the question of whether physical and mental fitness tests might safely be substituted for across-the-board mandatory retirement rules. This grace period was established under the 1986 ADEA Amendments which contain a provision specifically exempting firefighters and law enforcement officers for a period of seven years. . . . This temporary exemption . . . will expire pursuant to a sunset clause on December 31, 1993. . . ." Knight v. State of Georgia,992 F.2d 1541 (11th Cir. 1993) at 1544.
Thus, current federal law does not prohibit discrimination against state and local law enforcement officers based upon age, at least to the extent the state or local age restrictions were in existence on March 3, 1983, (the date of the decision in EEOCv. Wyoming). See 29 U.S.C. 623 (j) and Op. Att'y. Gen. No.92-169 copy enclosed. The section of federal law authorizing continued age discrimination against such officers, however, is repealed effective December 31, 1993. See Section 3(b) of P.L.99-592. Unless Congress enacts any new federal legislation on the topic, it appears that after December 31, 1993, the federal ADEA will be applicable to, and will be a basis for challenging, age discrimination against law enforcement officers.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh