Ted QUEEN *v.* ROYAL SERVICE COMPANY,
Employer, SILVEY COMPANIES, Insurance Carrier,
HARTFORD INSURANCE COMPANY, Insurance Carrier

CA 82-19                  645 S.W.2d 343

Court of Appeals of Arkansas
Opinion delivered September 15, 1982
[Supplemental Opinion on Rehearing delivered February 2, 1983.]

*Holmes, Holmes & Trafford,* by: *Winfred A. Trafford,*
for appellant.

*Bridges, Young, Matthews, Holmes & Drake,* for Royal Service Company and Hartford Insurance Company, appellees.

*R. T. Beard, III,* for Silvey Companies, appellee.

FLETCHER LONG, JR., Special Judge. The Appellant, Ted Queen, brings this appeal from a determination of the Workers' Compensation Commission that Appellant was not entitled to any additional compensation from Appellee, Silvey Companies, by reason of an injury received by Appellant on or about November 27, 1977, and that the Appellant was not entitled to benefits from Appellee, Hartford Insurance Company, by reason of an injury sustained on June 15, 1979. We agree with the findings of the Commission as to the November 27, 1977, injury but disagree with the findings of the Commission as to the June 15, 1979, injury.

The Appellant, Ted Queen, was injured on or about November 27, 1977, while an employee of Royal Service Company. He injured his right knee and back. The Appellee, Silvey Companies, paid certain medical, permanent partial disability and temporary total disability benefits as a result of that injury. The Claimant contends that certain additional medical bills and temporary total disability should be paid as a result of this injury. The record contains no substantial evidence to support the Appellant's contention in this regard.

The second aspect of this case arises from the fact that on June 15, 1979, while he was allegedly an employee of Royal Service Company, Claimant sustained additional injuries as a result of an automobile accident. As a result of this accident the Appellant has had back surgery and at the time of the hearing was still in a period of temporary total disability.

The Appellant and his wife owned all of the stock of Royal Service Company, a corporation engaged in mechanical and electrical contracting which is the employer herein. The Appellant contends that at the time of the June 15, 1979, automobile accident he was an employee of Royal Service

Company and therefore entitled to compensation from their insuror, Appellee, Hartford Insurance Company. Appellant testified and it is not rebutted that on June 15, 1979, he was in the process of taking job statements to Little Rock. He went by a residential job to check progress done by other contractors to see when he would be able to complete his part of the job. He was then to go to Benton to see a plumber about helping him with a large commercial job. Approximately seven (7) miles out of Sheridan another car caused him to pull towards the edge of the road and to lose control of his vehicle resulting in the accident and injury. He testified that he was in a pickup truck owned by Royal Service Company. The Appellee, Hartford Insurance Company, has contended and the full Commission agreed that Appellant, Ted Queen, was not an employee of Royal Service Company but because of his sole control of the company and of his own acitivites, and because of his large stock ownership of the Company he was the alter-ego of Royal Service Company. In support of this position the Appellees and the full Commission cite 1C Larson, *The Law of Workmen's Compensation* § 54.22 (1980):

> Substantial, majority, and even sole stock ownership as such does not of itself defeat employee status. But when preponderant stock ownership is so used that the stockholder is for practical purposes the alter ego of the corporation, the compensation acts, which are inclined to be realistic rather than technical, will often disregard the corporate entity and treat the stockholder as the employer.

No Arkansas cases have been cited supporting or adopting this statement of law from Larson's. As a matter of fact, in *Aerial Crop Care, Inc.* v. *Landry*, 235 Ark. 406, 360 S.W.2d 185 (1962), a case in which the crop dusting corporation employed three laborers plus the three owner-officers of the corporation, President, Vice-President, and Secretary, our Court held that the owner-officers of the corporation were employees of the corporation for the purposes of having sufficient employees to require coverage of the Compensation Act. Likewise, in *Brook's, Inc.* v. *Claywell*, 215 Ark. 913, 224 S.W.2d 37 (1949) the Arkansas Supreme Court held that the President of the Defendant

Company who was working in a dual capacity gave the company a total of five (5) companies — again for the purposes of holding that the injured employee was covered by the Compensation Act.

Ark. Stat. Ann. § 81-1320 (a) (Repl. 1976) provides:

> Waiver of Compensation. No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation, or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this Act [§§ 81-1301 — 81-1349], except as specifically provided elsewhere in this Act. Provided, however, that any *officer of a corporation* or *self-employed employer* who is not a subcontractor and who owns and operates his own business may by agreement or contract exclude himself from coverage or waive his right to coverage or compensation under this Act. (emphasis supplied)

By the terms of the contract of insurance with Hartford, Ted Queen was a covered employee and under these circumstances we believe that the above cited Statute renders Arkansas Law different from the analysis hereinabove set out in Larson's.

The Appellant, Ted Queen, had not elected to exclude himself from coverage. It matters not whether Ted Queen was the "alter ego" of Royal Service Company because if he was then he would become a "self-employed employer" and therefore entitled to coverage unless "by agreement or contract" excluded from coverage.

Arkansas Law simply allows a self-employed employer or an officer of the corporation by not contractually excluding himself from coverage to be covered under our compensation law.

In arriving at this decision we are not unmindful of the fact that single stockholder corporations are allowed under Arkansas Law and that in these single stockholder corporations the sole stockholder may also elect to include himself as an insured employee. Under the reasoning from Larson's all of these contracts for insurance would be questionable.

The decision of the full Commission is affirmed as to Appellee, Silvey Companies, and reversed and remanded as to Appellee, Hartford Insurance Company, with directions to the full Commission to assess the compensation due Appellant, Ted Queen, as a result of the June 15, 1979, accident.

The attorneys for Appellant, Ted Queen, shall be allowed fees of $250.00 for services at the Appellate Court level and $100.00 at the Commission level.

GLAZE, J., not participating.

Supplemental Opinion on Rehearing
delivered February 2, 1983

PER CURIAM. Hartford's petition for rehearing contends that the applicability of Ark. Stat. Ann. § 81-1320 (a) (Repl. 1976), was not raised before the Commission and that the Commission has not decided whether appellant's injury arose out of and in the course of his employment.

Since the question of coverage of the Act was before the Commission, we think the applicability of Section 81-1320 was necessarily also before the Commission.

We agree, however, that Hartford denied at the hearing before the law judge that appellant's injury arose out of and in the course of his employment and that the issue was not decided by the Commission. Therefore, that issue and the amount of any compensation due are both to be determined by the Commission on the remand.

GLAZE, J., not participating.