Carroll GILBERT *v.* GILBERT TIMBER COMPANY, et al.

CA 86-102                                         717 S.W.2d 220

Court of Appeals of Arkansas
Division I
Opinion delivered October 8, 1986
[Rehearing denied November 26, 1986.*]

---

*Cracraft, C.J., concurs; Cloninger, Corbin and Mayfield, JJ., would grant rehearing.

94

*The McMath Law Firm*, by: *Art Anderson*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, for appellee.

TOM GLAZE, Judge. Appellant, the owner of appellee-employer, appeals from a Workers' Compensation Commission decision which reversed the administrative law judge's award of benefits on the basis that appellant had failed to file a written notice that he intended to be included in the definition of an

employee for the purposes of coverage under the Workers' Compensation Act. For reversal, appellant contends that he was not statutorily required to file such notice. We affirm.

At the hearing, the parties stipulated that appellee-employer is a sole proprietorship. Appellant was injured on January 23, 1985, when a tree limb fell, striking him on the head. At the time of the injury, a Workers' Compensation policy issued by CIGNA to appellee-employer was in effect. At issue before us is whether appellant, as owner, was covered under the policy.

Appellee contends that appellant was not covered because he failed to comply with Ark. Stat. Ann. § 81-1302(b) (Supp. 1985), which provides, in pertinent part:

> The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of "employee" by filing written notice thereof with the Division of Worker's [sic] Compensation.

The notice required under § 81-1302(b) is filed with the Commission on a form known as an A-18. Appellant never filed an A-18, either at the time of or subsequent to the issuance of the policy. However, he contends that he was not required to file the form because of the following language contained in Ark. Stat. Ann. § 81-1320(a) (Supp. 1985):

> Provided, however that any *officer of a corporation or self-employed employer* who is not a subcontractor and who owns and operates his own business may by agreement or contract exclude himself from coverage or waive his right to coverage or compensation under the Act. [Emphasis added.]

Therefore, under § 81-1302(b), a "sole proprietor" must file written notice with the Commission to be included in the definition of an "employee," while under § 81-1320(a), a "self-employed employer" may agree or contract to exclude himself from coverage. Both parties' arguments in this case are, to a considerable extent, premised on the notion that there is a conflict in the statutes. However, in construing seemingly contradictory statutes, it is our duty, so far as practical, to reconcile different provisions so as to make them consistent, harmonious, and

sensible. *Southern Wooden Box Co.* v. *Smith*, 5 Ark. App. 14, 631 S.W.2d 620 (1982). Here we simply fail to find a conflict, and we make this assessment on a fundamental basis, *viz.*, the terms "sole proprietor" and "self-employed employer," as used in the Workers' Compensation Act, are neither synonymous nor interchangeable.

Our research reveals only two cases which have applied § 81-1320(a) since it was added by the General Assembly in 1971 Ark. Acts 162. They are *Prudential Insurance Co. of America* v. *Jones*, 1 Ark. App. 51, 613 S.W.2d 114 (1981), and *Queen* v. *Royal Service Co.*, 6 Ark. App. 149, 645 S.W.2d 343 (1982). In both cases, the employers were corporations in which the appellants and their wives owned all of the stock. In no case has the pertinent language of § 81-1320(a) been applied to anything other than a corporation.

■■ We conclude that § 81-1320(a) clearly applies only to corporations, and therefore, "self-employed employers" must be corporate officers. To interpret it otherwise would result in an ambiguity. The supreme court has held that it is permissible to read the word "or" as "and" when the context in which it is used requires that it be done to effectuate a manifest intention or when not to do so would render the meaning of the clause ambiguous or result in an absurdity. *Pickens-Bond Construction Co.* v. *North Little Rock Electric Co.*, 249 Ark. 389, 459 S.W.2d 549 (1970). Here, the obvious intention is that § 81-1320(a) apply to persons who are both officers of corporations *and* self-employed employers.

■ In the instant case, it was stipulated that appellee-employer is a sole proprietorship. We therefore hold that § 81-1302(b) is applicable, and that appellant was required to file an A-18 to be included within the definition of an "employee" under the Act. Since he did not do so, he is not covered, and we must affirm the Commission.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.

Rehearing Denied November 26, 1986

719 S.W.2d 284

PER CURIAM. Rehearing is denied.

CRACRAFT, C.J., concurs.

CLONINGER, CORBIN, and MAYFIELD, JJ., would grant rehearing.

GEORGE K. CRACRAFT, Chief Judge, concurring. I would deny the petition for rehearing because I think that the result reached in the original opinion was correct.

As originally enacted, our statute defined "employees" as those persons "employed in the service of an employer under any contract of hire or apprenticeship. . . ." See Ark. Stat. Ann. § 81-1302(b) (Repl. 1976). That definition of employee did not include a sole proprietor. By amendment in 1979, that definition was expanded to include "sole proprietors and partners who devote full time to the proprietorship. . . ," but *only* if they elect in writing to be so included. Ark. Stat. Ann. § 81-1302(b) (Supp. 1985). It is clear from this section that only those sole proprietors who elect to be considered employees and file their election with the Commission are to be considered "employees."

That section in no way conflicts with provisions of Ark. Stat. Ann. § 81-1320(a) (Supp. 1985), which, as originally enacted, provided that no agreement by any employee to waive his right to compensation should be valid and that no contract should operate to relieve the employer or carrier from any liability created by the Act. See Ark. Stat. Ann. § 81-1320(a) (1947). The purpose of this section was to protect employees against employers who were able to avoid liability by simply having the employee sign a contract waiving rights to compensation in consideration of being employed. *Bryan* v. *Ford, Bacon & Davis*, 246 Ark. 327, 438 S.W.2d 472 (1969). By amendment in 1971, a proviso was added to this section which would permit a "self-employer" who was also an "employee" to exclude himself from coverage.

When the two sections and their amendments are read together, it is apparent to me that a self-employer cannot *become* an "employee," who would be required to exclude himself, until he has first *elected* to become one in writing. If he does not so elect, he is not an employee within the meaning of § 81-1302(b) and the

provisions of § 81-1320(a) cannot possibly become applicable to him.

I realize that in *Queen* v. *Royal Service Co.*, 6 Ark. App. 149, 645 S.W.2d 343 (1982), this distinction was not recognized, but this is simply because it was not argued as an issue in that case. In my opinion, the decision in *Queen* was clearly wrong and to apply it here would simply compound the error we fell into then. I would deny the petition for rehearing because the self-employer had never elected in writing to become an "employee" and therefore was not required to "exclude" himself from coverage. He was simply not covered in the first place.

MELVIN MAYFIELD, Judge, dissenting. The court has today denied rehearing in the above case. The original opinion, by a three-judge panel, denied workers' compensation coverage to the appellant. *See Gilbert* v. *Gilbert Timber Co.*, 19 Ark. App. 93, 717 S.W.2d 220 (1986). Petitions for rehearing are determined by the full court, Ark. Stat. Ann. § 22-1211 (Supp. 1985), and although three judges would grant the petition, three would not, so this dissenting opinion is written for the three judges who would grant the petition for rehearing.

We think the appellant's injury was covered by the compensation act. The Commission's opinion stated it was "undisputed" that appellant was the "self-employed sole proprietor" of Gilbert Timber Company at the time of his injury on January 23, 1985, and that his injury "admittedly" occurred within the scope and course of his employment. It was also undisputed that appellant had three employees, in addition to himself. However, the Commission held that appellant was not covered by the act because he had not elected coverage by filing the written notice referred to in Ark. Stat. Ann. § 81-1302(b) (Supp. 1985). That provision was made a part of the compensation act by Act 119 of 1979, and reads as follows:

> The term "employee" shall also include a sole proprietor or a partner who devotes full time to the proprietorship or partnership and who elects to be included in the definition of "employee" by filing written notice thereof with the Division of Worker's Compensation.

We do not agree that appellant's failure to file the notice

referred to in the above provision prevents his coverage by the compensation act. Another section of the act, Ark. Stat. Ann. § 81-1320(a) (Supp. 1985), reads as follows:

(a) [Waiver of compensation.] No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation, or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this Act [§§ 81-1301 — 81-1349], except as specifically provided elsewhere in this Act. *Provided however, that any officer of a corporation or self-employed employer who is not a subcontractor and who owns and operates his own business may by agreement or contract exclude himself from coverage or waive his right to coverage or compensation under this act.* Provided further, if the exclusion from coverage of the officer or officers or self-employed employer or employers reduces the number of employees of the business to less than three (3) the employer shall nevertheless continue to provide Workers' Compensation Coverage for such employees. (Emphasis added.)

In a unanimous opinion, with one judge not participating, this court held in *Queen* v. *Royal Service Co.*, 6 Ark. App. 149, 645 S.W.2d 343 (1982), that the above section furnished coverage to Mr. Queen even though he and his wife owned all of the stock in the corporation for which he worked. In that decision we recognized the rule set out in 1C Larson, *The Law of Workmen's Compensation* § 54.22 (1980), that employee status will often be denied where preponderant stock ownership is so used that the claimant is for practical purposes the alter ego of the corporation, but held that the above section, Ark. Stat. Ann. § 81-1320(a), made the law in Arkansas different from the general rule set out by Larson. We said:

The Appellant, Ted Queen, had not elected to exclude himself from coverage. It matters not whether Ted Queen was the "alter ego" of Royal Service Company because if he was then he would become a "self-employed employer" and therefore entitled to coverage unless "by agreement or contract" excluded from coverage.

*Arkansas Law simply allows a self-employed em-*

*ployer or an officer of the corporation by not contractually
excluding himself from coverage to be covered under our
compensation law.* (Emphasis added.)

Thus, we do not believe the Commission's decision was correct, if for no other reason, because the Commission simply failed to follow the plain language of our decision in *Queen.* Even the three judges of this court who affirmed the Commission's holding did not agree with its reasoning. The judges' opinion recognized the force of this Court's holding in *Queen,* but said the language in Ark. Stat. Ann. § 81-1320(a) applied "only to corporations, and therefore 'self-employed employers' must be corporate officers," for the statute to apply. Therefore, since Gilbert Timber Company was not a corporation, it was held that the statute did not apply in this case. But we do not agree with that reasoning either.

In the first place, it takes the word "or" out of the provision we are concerned with and changes it to "and." It is said that this is permissible in order "to effectuate a manifest intention" of the legislature or "when not to do so would render the meaning of the clause ambiguous or result in an absurdity." The opinion then states: "Here, the obvious intention is that § 81-1320(a) applies to persons who are both officers of corporations *and* self-employed employers." As the appellant's petition for rehearing states, this reading of the statute is inherently inconsistent. The employer of an officer of a corporation is the corporation. Consequently, an officer of a corporation cannot also be a self-employed "employer." Moreover, if an officer of a corporation is also a self-employed "employer," then the term "self-employed employer" is redundant and superfluous. We are not willing to say that the legislative choice of words is meaningless or useless or to ascribe a meaning to the language that renders the provision inherently inconsistent.

It may be, however, that the provision we are concerned with in Ark. Stat. Ann. § 81-1320(a) is ambiguous or that it conflicts with the requirement of Ark. Stat. Ann. § 81-1302(b). In that case, this court has said, "The provisions of our workers' compensation act are to be construed liberally in favor of the claimant whenever 'obscurity of expression or inept phraseology appears.' " *Crain Burton Ford Co.* v. *Rogers,* 12 Ark. App. 246,

250, 674 S.W.2d 944 (1984), citing and quoting from *International Paper Co.* v. *Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971). In *International Paper Co.* v. *McGoogan*, 255 Ark. 1025, 504 S.W.2d 739 (1974), the Arkansas Supreme Court said the compensation act "was enacted for beneficent and humane purposes and in giving effect to these purposes, we construe the statutory provisions liberally in favor of the claimant." And in *Massey* v. *Poteau Trucking Co.*, 221 Ark. 589, 594, 254 S.W.2d 959 (1953), the Arkansas Supreme Court quoted with approval from another case as follows:

> If a statutory provision is plain and unambiguous, it is the duty of the court to enforce it as it is written. If it is ambiguous or doubtful, or susceptible of different constructions or interpretations, then such liberality of construction may be indulged in as, within the fair interpretation of its language, will effect its apparent object and promote justice.

In the instant case, the appellant owned his own business but was injured while working in the woods with his employees. Under the plain provisions of Ark. Stat. Ann. § 81-1320(a), he was a "self-employed employer" who owned and operated his own business and had not by agreement or contract excluded himself from coverage or waived his right to coverage or compensation under the compensation act. Therefore, under our decision in *Queen* v. *Royal Service Co., supra*, he was covered by the act. Even if this section of the act is ambiguous or conflicts with Ark. Stat. Ann. § 81-1302(b), we should construe the act liberally in appellant's favor and allow compensation.

One of the judges who joined in the original opinion, which affirmed the Commission's denial of compensation to the appellant, has written an opinion in response to the petition for rehearing and now takes the position that there is no conflict between Ark. Stat. Ann. § 81-1320(a) and Ark. Stat. Ann. § 81-1302(b). His opinion would explain the meaning and relationship of these two sections by holding that a sole proprietor or a partner, who devotes full time to the proprietorship or partnership, is not an employee unless he elects to be regarded as one by filing the written notice provided in section 81-1302(b), and *after* he has done this, he may exclude himself from coverage as an employee

by agreement or contract as provided in section 81-1320(a).

We find it difficult, however, to reconcile this view with the historical development of the sections involved. That portion of section 81-1320(a) which allows an officer of a corporation or self-employed employer who owns and operates his own business to exclude himself from coverage by contract or agreement, was added to that section by Act 162 of 1971. But it was not until the enactment of Act 119 of 1979 that section 81-1302(b) contained the provision that authorized a sole proprietor or a partner, who devotes full time to the proprietorship or partnership, to elect to be included in the definition of "employee" by filing written notice thereof. Thus, from the passage of Act 162 of 1971, until the passage of Act 119 of 1979, the provision allowing a self-employed employer who owns and operates his own business to exclude himself from coverage stood without the provision that allows a sole proprietor who devotes full time to the proprietorship to elect to be covered as an employee. During that period, we think the employer who owned and operated his own business was clearly covered *unless* he excluded himself. Whether there is any difference now, between the self-employed employer who owns and operates his own business and the sole proprietor who devotes full time to the proprietorship, does not have to be determined in this case because, even if there is a conflict between the two provisions, we should construe the act in favor of coverage.

It is also argued by the insurance company which had issued the policy covering workers' compensation on appellant's business, that the coverage did not apply to him as an employee because he had answered "no" to a question on the insurance application asking whether, as the sole proprietor of the business, he wanted to elect coverage for himself. But the evidence is undisputed, and the law judge found it to be a fact, that the appellant did not check the "no" box appearing after this question and did not authorize the insurance agent to check that box. The Commission did not reach this issue but we do not think there is any substantial evidence in the record to support a decision contrary to the one made by the law judge.

For the reasons stated above, the Commission's decision should be reversed and this matter remanded for a determination of the compensation due to appellant.

CLONINGER and CORBIN, JJ., agree.