The Honorable Julia Hughes Jones Auditor of State State Capitol, Room 230 Little Rock, Arkansas 72201
Dear Ms. Jones:
This is in response to your request for an opinion regarding Act 155 and Act 696 of 1987. You have asked the following specific questions:
 1. Which Act is controlling as to disposition of proceeds from the Unclaimed Property Act and the maximum balance of trust fund?
 2. Should expenses, salaries, etc. be paid from the trust fund or the Constitutional and Fiscal Agency Fund?
 3. In the event that Act 696 is controlling, how should this Office proceed with the Department of Finance and Administration to ensure that funds and expenditures are handled in a proper manner?
Act 155 and Act 696 were approved by the Governor on March 10, 1987 and April 7, 1987 respectively. Established rules of statutory construction dictate that seemingly contradictory provisions be reconciled where practical. Gilbert v. Gilbert Timber Co., 19 Ark. App. 93, 717 S.W.2d 220 reh. den. 19 Ark. App. 93,719 S.W.2d 284 (1986). However, where two statutes conflict and cannot be reconciled, the later one in time will control. State v. Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969).
With these precepts in mind, it must be concluded in response to your first question that Act 696 will control with respect to the disposition of proceeds and the maximum balance of the trust fund. Act 696 amends Act 256 of 1979 to provide, under Section 5, that all funds "shall be deposited by the Auditor in a special trust fund to be known as the `Unclaimed Property Proceeds Trust Fund.'" There is no reference in Act 696 to a $25,000 balance; and in light of this conflict, it must be concluded that Act 696 controls. Act 696 provides further that "[a]t least once each fiscal year the Auditor shall transfer to the general revenues of the State all funds that have been collected and held for a full three years from the passage of this Act, less expenses and claims filed against said collections."
There is apparently no appropriation authorizing the payment of expenses and/or salaries from the trust fund. The answer to your second question, therefore, is that personal services and operating expenses must be paid from the Constitutional and Fiscal Agency Fund, in accordance with Act 155 of 1987.
Your third question involves insuring that funds and expenditures are handled in a proper manner. Expensing and accounting for all unclaimed property funds must be in compliance with any and all fiscal control laws of the State.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.