The Honorable Julia Hughes Jones Auditor of the State of Arkansas 230 State Capitol Building Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion regarding Acts 155 and 696 of 1987. You have asked the following specific questions in this regard:
 1. In light of the apparent inconsistency between the two acts, is the Unclaimed Property Division of the Auditor's office limited to those expenditures provided in the appropriation bill?
 2. May this Division utilize the cash account for operations as provided in Act 696 even if said expenditures exceed that provided in the appropriation bill?
Act 155 of 1987 is entitled "An Act of Make an Appropriation for Operating Expenses and Payment of Claims for Unclaimed State Property for the Biennial Period Ending June 30, 1989." This Act appropriates operating expenses in the amount of $22,506.00 for both the 1987-88 and 1988-89 fiscal years. This amount is payable from the Constitutional and Fiscal Agencies Fund, which is to be reimbursed as proceeds are generated. See Sections 3 and 4 of Act 155. Section 5 of Act 155 states that:
 [d]isbursement of funds authorized by this Act shall be limited to the appropriation for such agency and funds made available by law for the support of such appropriations.
Act 696, which is codified at Arkansas Code of 1987 Annotated18-28-201, et. seq. (Supp. 1987), amends the Uniform Unclaimed Property Act to establish, inter alia, an "Unclaimed Property Proceeds Trust Fund." See Section 5 of Act 696; A.C.A. 18-28-218
(Supp. 1987). Claims are to be paid from this Trust Fund, and funds that have been collected and held for three (3) years are to be transferred to general revenues. 18-28-218(a) and (c). Provisions is also made for the deduction of costs before any deposit is made "to credit of the general funds." 18-28-218(b).
It must be initially recognized, in considering these questions, that the Auditor's Office cannot expend or direct the expenditure of funds in excess of its appropriation. A.C.A. 19-2-104 sets forth this principal in stating in pertinent part under subsection (a):
 No officer, employee, or agent of the State of Arkansas, nor any board of regents or board of trustees, nor any other person or authority, who is authorized by law to make expenditures of money appropriated for the different state institutions, or who is authorized to direct the expenditure of such money so appropriated, shall expend or direct the expenditure of monies or funds in excess of the amount appropriated and becoming a part of any appropriation by executive approval for the particular purpose named in the act making the appropriations.
It is also well-established that seemingly contradictory provisions must be reconciled, so far as practical, so as to make them consistent, harmonious and sensible. Gilbert v. Gilbert Timber Co., 19 Ark. App. 93, 717 S.W.2d 220 (1986); Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987). While Section 5 of Act 696 establishes a trust fund and provides for the yearly transfer of funds to "general revenues" following the deduction of certain costs, it must be concluded from the foregoing precepts that Act 155 controls the expenditure of these funds. This Act provides for reimbursement of the Constitutional and Fiscal Agencies Fund from the trust fund for monies expended under the appropriation act. It is my opinion that a court would construe Act 155 and Act 696 together and conclude that the use of trust funds for personal services and operating expenses is governed by Act 155, and that these expenditures cannot exceed the amounts appropriated thereunder.
It is therefore my opinion, based upon the foregoing, that the answers to your specific questions are "yes" to question number one (1) and "no" to question number two (2).
The foregoing opinion, which I hereby approve, was prepared by Elisabeth A. Walker.