Mr. Charles L. Robinson, CPA Legislative Auditor State Capitol, Room 172 Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to your request for an opinion regarding Acts 49 and 57 of the First Extraordinary Session of 1987. You have asked the following specific questions in this regard:
 1. Are Acts 49 and 57 of the First Extraordinary Session of 1987 in conflict as to the procedures necessary for the distribution of court costs authorized by these Acts?
 2. If the answer to number 1 is yes, which Act should a municipality follow regarding the procedures necessary for the distribution of the applicable court costs?
 3. If a municipality is to follow the procedures stated in Act 49, what happens to the court costs if the governing body of a city and the quorum court can not agree as to the portion of the court costs to be retained by the municipality and the portion to be received by the county?
These Acts provide for the collection of additional costs in municipal, police or city court. The cost is to be levied by ordinance of the municipality and the proceeds are to be deposited in the appropriate city treasury. Funds collected ". . . may be used for any permissible use in the administration of the municipal court including but not limited to salaries and costs of incarceration of defendants." See Section 1 of Act 49 and Section 1 of Act 57.
Your questions arise from language in these Acts concerning the distribution of a portion of the additional costs to the city and to the county. Both Acts make reference to an agreement in this regard. Act 49 states in pertinent part as follows under section 1:
 The moneys collected by the levy of this additional court cost shall be deposited in the appropriate city treasury, and shall be expended only when the governing body of the city, in a municipality with a municipal court, and the quorum court of the county enter into an agreement concerning the portion of such court costs to be retained by the municipality and the portion to be received by the county.
Act 57 states as follows under section 1:
 The moneys collected by the levy of this additional court cost shall be deposited in the appropriate city treasury. Provided, however, that in a municipality with a municipal court, the governing body of the city and the quorum court of the county are hereby authorized to enter into an agreement concerning the portion of such court costs to be retained by the municipality and the portion to be received by the county.
As stated in the Publisher's Notes to the codification of Act 49 [Arkansas Code of 1987 Annotated 16-17-111 (Supp. 1987)], Act 57 was vetoed by the Governor. However, this veto occurred after the expiration of the requisite period for executive action on the bill. It was therefore the determination of this office that the veto was invalid, and that the Act became law on June 26, 1987. See copy of Opinion No. 87-241, attached hereto. Act 49 also became law on June 26, 1987.
It is well-established that seemingly contradictory legislative enactments will be reconciled, so far as practical, so as to make them consistent, harmonious, and sensible. Gilbert v. Gilbert Timber Co., 19 Ark. App. 93, 717 S.W.2d 220, reh. den., 19 Ark. App. 93,719 S.W.2d 284 (1986). The Arkansas Supreme Court has stated, moreover, that the rule of construction requiring the reconciliation of two statutes on the same general subject matter is particularly applicable where two acts on the same subject were enacted during the same legislative session. Sargent v. Cole,269 Ark. 121, 598 S.W.2d 749 (1980).
It is therefore my opinion that a court, if faced with your first question, would construe these two Acts together and read them in harmony. The language of both Acts concerning an agreement for distribution may be reconciled by noting that while Act 57 authorizes an agreement between the city and the county, Act 49 prohibits the use of funds until the city and the county enter into such an agreement. The Acts will in all likelihood be read as one Act on the same subject.
Your second question is premised upon the conclusion that the Acts are in irreconcilable conflict. A response is unnecessary in light of the foregoing.
It must be concluded, in response to your final question, that while the additional court costs must be deposited in the city treasury, the funds may not be used until the city and the county reach agreement as to the portion to be retained by each.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Attachment