Mr. Roy L. Bilheimer Executive Secretary Arkansas Real Estate Commission One Riverfront Place, Suite 660 North Little Rock, AR 72114
Dear Mr. Bilheimer:
This is in response to your request for an opinion regarding Arkansas Code Annotated 17-35-102(a)(3) and 17-35-301(c)(3). You have asked, specifically, whether these provisions are in conflict as they pertain to exemptions for licensed attorneys.
It is my opinion that these two provisions are not in direct conflict, but rather may be reconciled as applying to attorneys who in the course of providing legal services perform acts which fall within that section of the real estate license law under which the terms "broker" and "salesman" are defined. See A.C.A.17-35-101.
Section 17-35-101 sets forth various exemptions from the act, including:
 (a)(3) Services rendered by an attorney at law in the performance of his duties as an attorney at law.
Section 17-35-301 delineates unlawful activities and penalties for violations and states:
 (c) The provisions of this section shall not apply to:
 (3) Any sale of real property in this state where the broker or salesman is duly licensed as an attorney at law in this state.
While 17-35-301(a)(3) may at first blush appear to extend a blanket exemption to all brokers or salesmen with law licenses, it must be initially recognized that a court will reconcile different statutory provisions to make them consistent, harmonious and sensible; and it will decline an interpretation that results in absurdity or injustice, leads to contradiction, or defeats the plain purpose of the law. Ragland v. Allen Transformer Co.,293 Ark. 601, 740 S.W.2d 133 (1987). Seemingly contradictory provisions must be reconciled, so far as practical. Gilbert v. Gilbert Timber Co., 19 Ark. App. 93, 717 S.W.2d 220, reh. den.19 Ark. App. 93, 719 S.W.2d 284 (1986); Berry v. Gordon, 237 Ark. 547,376 S.W.2d 279 (1964).
We cannot conclude, in light of these precepts, that such a blanket exemption exists under 17-35-301(a)(3). A contrary interpretation would effectively nullify 17-35-102(a)(3) which, by negative implication, indicates that the act will apply to services that are rendered outside an attorney's law practice. This conclusion is also supported by the fact that these provisions are directed at "services rendered" and "sale[s] of real property," rather than toward attorneys at law in their capacities as such. The focus is upon activities of the attorney that would otherwise subject him or her to the licensing requirements. It is my opinion that these activities must, following a reasonable interpretation of 17-35-102(a)(3) and17-35-301(c)(3), be pursued in connection with the attorney's "performance of his duties as an attorney at law"; otherwise, the exemption will be inapplicable.
As a final note, it should also be recognized that to the extent an irreconcilable conflict does exist, A.C.A. 17-35-102(a)(3) will control as the later act. State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.