The Honorable David R. Matthews State Representative P.O. Box 38 Lowell, AR 72745
Dear Representative Matthews:
This is in response to your request for an opinion regarding Act 949 of 1989, and specifically the section of that act which provides for the jurisdiction of the chancery court or any division of chancery court as to paternity matters. Your specific inquiry is as follows:
 What is the effective date of that portion of Act 949 of 1989? Specifically, may the County Judges of Arkansas transfer pending paternity cases to their respective Chancery courts at this time?
In response to the first part of this inquiry, the effective date of the relevant section of Act 949 is March 27, 1989. The answer to the second part of this question is, in my opinion, "no."
The pertinent section of act 949 of 1989 states:
 Notwithstanding the provisions of the Arkansas Juvenile Code of 1989, or any other enactment which might be interpreted otherwise, the chancery court or any division of chancery court shall have jurisdiction for all cases and matters relating to paternity.
Acts 1989, No. 949, 2.
Act 949 was approved March 27, 1989 and contains an emergency clause. While it thus appears that the act is currently in effect, consideration must also be given to Act 725 of 1989. This act amends several Arkansas Code provisions dealing with paternity matters. The pertinent language for our purposes involves the transfer of jurisdiction with respect to paternity cases from county court to chancery court. Section 6 of Act 725 states:
 All paternity cases pending in the county courts of the various counties in this state or cases under the jurisdiction of circuit court on July 1, 1989, shall be transferred and docketed in the chancery court of the county in which they are pending on that date.
Act 725 does not contain an emergency clause, and will therefore become effective 90 days after adjournment of the legislature, sine die, that is, July 3, 1989.
A review of Section 7 of Act 725 compels the conclusion that the transfer of paternity cases pending in county court shall occur subsequent to July 1, 1989.[1] While Section 2 of Act 949, supra, appears to vest "the chancery court or any division of chancery court" with jurisdiction of paternity matters as of its effective date (March 27, 1989), it must also be recognized that Act 725 of 1989 specifically provides for the transfer of pending paternity cases.
It is a well-established rule of statutory construction that seemingly contradictory provisions must be reconciled, so far as practical, so as to make them consistent, harmonious and sensible. Gilbert v. Gilbert Timber Co., 19 Ark. App. 93, 717 S.W.2d 220
(1986); Ragland v. Allen Transformer Co. 293 Ark. 601, 740 S.W.2d 133
(1987). And the rule that statutes on the same general subject matter must be reconciled and construed together, if possible, is particularly applicable when two acts on the same subject were enacted during the same legislative session. Sargent v. Cole, 269 Ark. 121, 598 S.W.2d 749 (1980).
These precepts compel the conclusion that the county judges may not at this time transfer pending paternity cases to their respective chancery courts. Although the grant of jurisdiction under Section 2 of Act 949 of 1989 is currently effective, this act must be read together with Act 725 of 1989, and specifically Section 7 of that act which addresses the transfer question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Section 7 of Act 725 may reasonably be construed to mandate the transfer on the effective date of the act, i.e. July 3, 1989.