The Honorable B.W. Sanders Prosecuting Attorney 9th Judicial Circuit East 320 Clay Street Arkadelphia, AR 71923
Dear Mr. Sanders:
This is in response to your request for an opinion on behalf of the Pike County Circuit Clerk's Office concerning preparation of the tax books pursuant to A.C.A. § 26-28-102 (1987). I have paraphrased your questions as follows:
 1. Does the designation `appropriate county officer' include individuals other than elected county officials?
 2. May a single officer, including the tax collector, prepare, certify and collect from the books?
 3. If the county clerk is not the designated officer, may she certify that which she has not prepared?
 4. If an officer other than the tax assessor is the designated officer, may the costs be pro-rated back to the taxing entity?
 5. If the designated officer is the county clerk, may the costs be pro-rated back to the taxing entities?
It is my opinion that the answer to your first question is "no." The designation "appropriate county officer" does not include individuals other than elected county officials.
Arkansas Code of 1987 Annotated § 26-28-102 states in pertinent part:
 (a)(1) Whenever any county in this state shall desire or elect, by appropriate action to . . . use . . . a computer to keep the assessment records, to prepare the tax books, and to prepare the collector's records and receipts for property taxes, the quorum court, by ordinance, may designate the appropriate county officer to be responsible for the maintenance and operation of the computer and the preparation of the tax books. [Emphasis added.]
Arkansas Code Annotated § 14-14-1301 (1987) states that county officers shall be elected, and that county officers include the county judge, circuit clerk, county clerk, assessor, sheriff, tax collector, treasurer, county surveyor, and coroner. Established rules of statutory construction dictate that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Wilcox v. Safley Constr.Co., 298 Ark. 159, 766 S.W.2d 12 (1989). Subsection (a)(1) of26-28-102 is clear and unambiguous in providing that appropriate "county officers" may be designated to be responsible for a county's computer and tax books. It is thus my opinion that the act is clear in indicating that only those individuals who are elected as officers of the county could properly be designated by the quorum court for purposes of § 26-28-102.
With regard to your second question, it must be initially noted that § 26-28-102 grants authority to the quorum court to designate an individual county officer to be responsible for recording information into the county's tax computer for purposes of preparation of the tax books. It does not address "certification" or the actual "collection from the books" of tax monies by that designated officer. Therefore, if your question is whether the collector may be designated as the "appropriate county officer" responsible for preparation of the tax books pursuant to § 26-28-102, it is my opinion that the answer is, in all likelihood, "yes." There appears to be no statutory prohibition against the tax collector being designated as the officer responsible for preparation of the tax books.[1]
The specific tasks enumerated under § 26-28-102 include keeping the assessment records, preparing the tax books, and preparing the collector's records and receipts by use of electronic data processing equipment. The assessment records required to be kept are set out at A.C.A. §§ 26-26-713—716 (1987 Cum. Supp. 1991). This task is typically performed by the assessor. See A.C.A. §26-26-501 (1987). Preparation of the tax books includes "mak[ing] out in books . . . a complete list or schedule of all the taxable property in [the] county and the value thereof as equalized. . . ." A.C.A. § 26-28-101 (1987). This is traditionally a duty of the clerk. Id. Collector's receipts, normally prepared by the collector, are defined at A.C.A. § 26-35-1001
(1987). See also A.C.A. § 26-35-601
(1987). Section 26-28-102, however, grants authority to the quorum court to designate these duties to a single officer. It was the conclusion of this office, as reflected in Op. Att'y Gen. 85-162, that the purpose of § 26-28-102 was to vest all responsibility for the tax books with the county officer designated pursuant thereto, and that the designated officer may perform all the responsibilities associated with performing these tasks.
With regard to the issue of whether officers other than the collector may be designated pursuant to § 26-28-102, it should be noted, in general, that A.C.A. § 14-14-702 (1987) gives the county quorum court of each county the authority to prescribe, by ordinance, "the department, board structure, and organization of their respective county governments," and the authority to prescribe the functions of all offices, departments, and boards. The authority is complete, except that the quorum court may not 1) divest the county court of any of its original jurisdiction granted by the Arkansas Constitution, or 2) alter the organization of elected county officials established by the constitution (except under the provisions of Amendment 55, § 2, Part (b) thereof),[2] or 3) limit any provision of state law requiring a county to carry out any function or provide any service. The statute also provides that "[h]owever, any function or duty assigned by statute may be reassigned by ordinance", and that nothing in the section shall be construed to prevent the reassignment of functions or services assigned by statute where Arkansas reassignment does not alter the obligation of the county to continue providing the function or service.
Thus, if the quorum court stays within the allowable parameters of A.C.A. § 14-14-702, it appears that the court may reassign, by ordinance, the functions of its county offices.
The general nature of your third question precludes a conclusive response. I assume you are asking the question in the context of a county having designated an officer other than the clerk to be responsible for preparation of the tax books, pursuant to A.C.A. § 26-28-102. I am uncertain what you mean by "certify." If you are referring, however, to that action taken by the clerk when he or she "make[s] out and delivers the tax books of his county to the collector, with his warrant attached, under his hand and the seal of his office, authorizing the collector to collect the taxes," pursuant to A.C.A. § 26-28-108, it is my opinion that the answer is, presumably, "no." Established rules of statutory construction dictate that seemingly contradictory provisions be reconciled, so far as practical, so as to make them consistent, harmonious and sensible. Gilbert v. Gilbert TimberCo., 19 Ark. App. 93, 717 S.W.2d 220, reh. den.19 Ark. App. 93, 719 S.W.2d 284 (1986). It would thus appear that the "certification" formerly authorized under § 26-28-108 would no longer be required where another officer had been designated as responsible for preparation of all the tax books. Section26-28-108 requires the clerk to "certify" that which she has prepared. However, § 26-28-102 transfers that responsibility for preparation into the hands of some other officer. In this context, it would seem impractical to require the clerk to certify that which she neither has the responsibility for, nor has actually taken part in, preparing.
It is my opinion, that the answer to your fourth question, involving the proration of costs, is "no."
With regard to this issue, A.C.A. § 26-28-102 states:
 (2)(A) If any county office, other than the county clerk, is designated to prepare the tax books, that office shall be reimbursed in the manner provided by law.
 (B) If the assessor is designated as the agency to keep the assessment records, prepare the tax books, and prepare collector's receipts by use of electronic data processing equipment, the cost shall be prorated among the respective taxing units in the same manner as is provided by law for defraying the cost of operating the assessor's office.
Clearly then, where the assessor is the designated officer the costs may be prorated among the respective taxing units.
Where someone other than the assessor or the clerk is the designated officer, reimbursement is to be made "in the manner provided by law." A.C.A. § 26-28-102(a)(2)(A). This manner of reimbursement is set out at A.C.A. § 14-14-1207 (1987), which states that all elected county officers shall be entitled to receive reimbursement of allowable expenses incurred in the conduct of county affairs where the incurrence of the expense is not discretionary in the conduct of duties assigned by law. Seealso A.C.A. § 14-14-1203, which requires that all expense allowances for county officers be made by appropriation by the county quorum court.
It is also my opinion, with regard to your fifth question, that the answer is "no." Costs may not be prorated back to the taxing entities if the county clerk is the designated officer. The language employed in § 26-28-102 specifically allows for the proration of costs among the taxing units only where the assessor is designated as responsible for preparation of the tax books. In the absence of clear legislative authority for the costs to be prorated back to the taxing entities where the county clerk is the designated officer, we must conclude that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] Where a county utilizes the unit tax ledger system pursuant to A.C.A. §§ 26-28-201—205 (1987), a comprehensive system is implemented for performing the various functions associated with taxation and those functions are centralized in the office of the tax collector. Section 26-28-203(b) mandates the substitution of the tax collector in the performance of particular duties undertaken by other officers. The collector is the officer authorized to be the "exclusive tax collecting and accounting office of the county." A.C.A. § 26-28-203(a). This appears to further support the conclusion that it would not be against the intent of the legislature for the collector to be the single officer vested with the authority for preparation of the tax books pursuant to § 26-28-102.
[2] Should the county desire to consolidate, separate, revise or abandon any of its offices, such action would require a majority vote at a general election, in accordance with Section 2(b) of Amendment 55.