The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion concerning Acts 263 and 678 of 1993. These acts amend A.C.A. § 19-11-259, the law relating to Arkansas bidder preference in the purchase of commodities by public agencies. Act 263 amends subsection 259(a)(4) to redefine the term "commodities."[1] Act 678 amends subsection 259(a)(1) to redefine "public agencies,"[2] and it adds a new subsection to provide that the bidder preference requirement now only applies to projects designed to provide utility needs.[3] Your questions in relation to these acts are set out below and answered in the order posed:
 1. Does Act 678 supersede Act 263 in so far as the bidder preference is concerned?
 2. Is the bidder preference now in place for pipeline installations, sanitary projects, waterlines, sewage and water works?
 3. Do one or all of these terms include a city sewage department?
It is my opinion, in response to your first question, that to the extent of any conflict between the two acts, Act 263 is superseded by Act 678.
Established rules of statutory construction dictate that statutes on a general subject matter be reconciled and construed together if possible, particularly if the two acts were enacted during the same legislative session. Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980). Seemingly contradictory provisions must be reconciled, so far as practical, to make them consistent, harmonious and sensible. Gilbert v. Gilbert Timber Co.,19 Ark. App. 93, 717 S.W.2d 220, reh. den. 19 Ark. App. 93,719 S.W.2d 284 (1986). However, where two statutes conflict and cannot be reconciled, the later one in time controls. State v.Lawrence, 246 Ark. 644, 439 S.W.2d 819 (1969). And where the legislature, at the same session, passes two acts which are irreconcilable, the one passed later will prevail over one passed earlier. Williams v. State, 215 Ark. 757, 223 S.W.2d 190
(1949).
Reading the two acts together, as required, it appears that under Act 263 public agencies are required to give preference to Arkansas bidders when purchasing commodities, i.e., "materials and equipment used in the construction of public works projects." Act 263 of 1993, § 1. See also A.C.A. § 19-11-259(b)(1) (Cum. Supp. 1991). Act 678 narrows this requirement to mandate Arkansas bidder preference only on public works projects "designed to provide utility needs." Act 678 of 1993, § 2. Accordingly, public agencies are required to give Arkansas bidder preference only when purchasing material and equipment used in the construction of public works projects designed to provide utility needs. While Act 678, in relevant part, may produce a different result than would be obtained before its passage, it provides a new
limitation in the bidder preference statute which is not ambiguous as to its meaning. It is my opinion that no irreconcilable conflict can be said to exist.
Even assuming, arguendo, that the two acts cannot be read together and are instead in irreconcilable conflict, a similar conclusion may still be drawn. Act 678, being the later act, prevails over the earlier act. As noted above, Act 678 requires Arkansas bidder preference only on public works projects designed to provide utility needs.
It is my opinion that the answer to your second question is "yes," with regard to such projects by a county or municipality.
Section 2 of Act 678 requires public agencies to give a preference to Arkansas bidders only on projects designed to provide utility needs of a county or municipality. The section states that such projects shall include, but shall not be limited to "pipeline installation, sanitary projects, waterline, sewage, and water works." Act 678 contained an emergency clause which indicated that it went into effect March 24, 1993. Accordingly, Arkansas bidder preference is now required of counties and municipalities on projects designed to provide utility needs, including those particular projects set out in your question.
It is my opinion, with regard to your third question, that the Arkansas bidder preference requirement applies to a city sewage department, provided the department is engaging in a public works project. Section 1 of Act 678 indicates that bidder preference requirements apply to municipalities, and § 2 of Act 678 narrows these requirements to only those public works projects designed to provide utility needs, including sewage projects. See Act 678 of 1993, § 2. Accordingly, it is my opinion that a city sewage department is required to obtain public bids and give preference to Arkansas bidders when engaging in a public works project.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 263 of 1993 states that "`Commodities' shall mean materials and equipment used in the construction of public works."
[2] Section 1 of Act 678 of 1993 states that "`Public agencies' shall mean all counties, municipalities, and political subdivisions of the state[.]"
[3] Section 2 of Act 678 of 1993 states that "The provisions of19-11-259 shall only apply to projects designed to provide utility needs of a county or municipality. Those projects shall include, but shall not be limited to, pipeline installation, sanitary projects, waterline, sewage, and water works."